[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 69 
The questions submitted to the court in this case are whether, on the decease of Patrick Tighe, his entire estate in the two lots of land descended to his mother, so that she could convey a good title to the whole, or whether Wm. John O'Niel, the half-brother of Patrick, inherited from him a share therein. And if the mother did not take the whole land in fee, what share or interest was vested in her, and passed by the conveyance from her to the plaintiff.
Patrick Tighe, the intestate, having left no lineal descendants or father, his half-brother, Wm. John O'Niel was, under *Page 70 
the provisions of the Revised Statutes (vol. 1, p. 752, § 6, and p. 753, § 15), entitled to inherit from him (subject to a life estate in the mother), unless he falls within the exception contained in section 15, which is in the following words, viz.: "Unless the inheritance came to the intestate by descent, devise or gift of some one of his ancestors; in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance."
As to the one undivided half of the land which came to Patrick Tighe by descent from his father, Richard Tighe, the half-brother is excluded by this provision, he being the issue of a second marriage of the mother of Patrick, and having none of the blood of Patrick's father.
The other undivided half, subject to a life estate in the mother, came to Patrick by descent from his sister Letitia, who had inherited it from Richard Tighe, their father. Wm. John O'Niel was the half brother of Letitia, as well as of Patrick; all being born of the same mother, but being issue of different fathers. He was thus of the blood of Letitia; and it was not necessary to his capacity to take under the statute that he should be of the full-blood. (Gardner v. Collins, 2 Peters, 58; Beebee v. Griffing, 14 N.Y., 235; Arnold v. Den,
2 South. [N.J.], 862; Den v. Brown, 2 Halst., 340; Baker v.Chalfant, 5 Whart., 477.) Consequently, he was not barred by the exception, unless the appellant is right in his position that the ancestor referred to in section 15 is the remote ancestor who was last in as purchaser, and is the original source of title (who, in the present case, was Richard Tighe), and not the person seized last before the intestate, and from whom he immediately inherited.
We think it clear that section 15 of the statute refers to the descent, devise or gift last preceding the death of the intestate; that the "ancestor" referred to is the immediate ancestor from whom the intestate received the inheritance, devise or gift; and that, in the present case, Letitia was such ancestor, and the stock of descent as to the one-half of the premises. *Page 71 
The descent from Letitia to her brother Patrick was direct and immediate. He took as her heir, and not as heir of his father. (McGregor v. Comstock, 3 N.Y., 408; McCarthy v. Marsh,5 N Y, 263.) The term "ancestor," when used with reference to the descent of real property, embraces collaterals as well as lineals, through whom an inheritance is derived. (Id; see alsoConkling v. Brown, 57 Barb., 265.) Valentine v. Wetherill
(31 Barb., 655) covers the point relating to the capacity of Wm. John O'Niel to inherit, and is sustained by the case of Gardner
v. Collins (2 Peters, 58), before referred to. Though the statute of Rhode Island which was construed in that case differs in some respects from ours, yet the difference does not affect the question here considered.
Our conclusion, therefore, is that the plaintiff did not by the conveyance from the widow of Richard Tighe acquire a perfect title, but that on the death of Patrick the title to the undivided half, inherited by Patrick from Letitia, descended to Wm. John O'Niel, subject to the estate for life of his mother. This outstanding life estate did not suspend the descent. (16 Johns., 96; 3 Johns. Cases, 214, note; 1 R.S., 754, § 27.) The remaining question submitted is whether the fee of the other half, which Wm. John O'Niel was by section 15 excluded from inheriting, descended to the mother.
The Revised Statutes (1 R.S., 752, § 6) provide that the inheritance shall descend to the mother in fee in case the intestate leave no descendant, father or brother or sister, or descendant of a brother or sister. And it is argued that the mother cannot take the fee under that section, for the reason that in this case the intestate did leave a brother, viz., his half-brother Wm. John O'Niel.
We think that, construing section 6 in connection with section 15, the true interpretation is that the terms brother and sister as employed in section 6 embrace only brothers and sisters of the whole-blood, and such brothers or sisters of the half-blood as are under section 15 entitled to inherit, and that a half-brother or sister excluded from taking by the *Page 72 
provisions of section 15 should not be deemed a brother or sister of the intestate, within the meaning of section 6, the distinction between the whole and the half-blood being retained as to the excluded ones. By section 6, if there be no descendants, and the father be dead and the mother and brothers or sisters living, the estate goes to the mother for life and the reversion to the brothers and sisters. These clearly include only brothers and sisters of the full-blood, and such brothers and sisters of the half-blood as are entitled to inherit. Where the same section 6 goes on to provide how the property shall descend in case the intestate leaves no brother or sister, it must be deemed to refer to such brothers and sisters as are before mentioned, that is, those to whom, if living, the reversion would descend.
That portion, therefore, of the property as to which the intestate left no brother or sister capable of inheriting descended by virtue of section 6 to the mother in fee, and passed by her conveyance to the plaintiff. The result is, that under that conveyance the plaintiff acquired an estate in fee in one undivided half of the property, and an estate for the life of the mother in the other half, the reversion in fee in that half having descended to Wm. J. O'Niel, and the defendant should not be compelled to specifically perform his contract of purchase if he is not content to take such title as the plaintiff can give.
The judgment of the court below should be affirmed, without costs, they being waived.
All concur.
Judgment affirmed. *Page 73