# Eatman *v.* Eatman.

*Application by Administrator for Sale of Lands for Equitable Division.*

1. *Descent as between children of whole and of half blood.*—The statute which makes a difference between children of the whole and the half-blood, where the property "came to the intestate by descent, devise or gift, from or of one of his ancestors" (Code, § 2256), has no application to a homestead allotted to a widow, whose husband's estate has been declared insolvent, so as to exclude her children by a former marriage from sharing in it, on her death intestate.

2. *Sale of decedent's lands for equitable division; averments of petition, as to names and interest of heirs.*—On application by an administrator for an order to sell lands, on the ground that they can not be equitably divided without a sale (Code, § 2449), if the petition states that there are children of two marriages, giving their names, ages, &c., and submitting to the court the question, whether, on the facts stated, all of them are entitled to share in the lands, or only the children of the last marriage, this is sufficient to give the court jurisdiction; and if the court ascertains and decrees, on the evidence adduced, that, whether all of the children, or only those of the last marriage, are to be considered as heirs, a sale is necessary, an order of sale is properly granted.

3. *Confirmation of sale, as matter of discretion.*—The confirmation of a sale of lands, made under its order by an administrator, rests in the sound discretion of the court, to be exercised, not arbitrarily, but according to equitable rules; and on appeal from a decree refusing to confirm, where the evidence was conflicting, this court will not reverse, unless clearly convinced of error.

[Eatman v. Eatman.]

APPEAL from the Probate Court of Greene.

Heard before the Hon. WM. C. OLIVER.

·This was an application by Walter F. Eatman, as adminis-
trator of the estate of Mrs. Mary Eatman, deceased, for an
order to sell a tract of land, on the ground that it could not
be equitably divided among the heirs without a sale.   Mrs.
Eatman was the widow of Thomas Eatman, who died in the
year 1883, and whose estate was declared insolvent. on the
13th April, 1885.   The tract of land a sale of which was
sought, and which contained 160 acres, was allotted by
the sheriff, in June, 1876, to said Thomas Eatman, as an ex-
empt homestead; and he remained in possession of it as his
homestead, until his death.   After his death, the widow con-
tinued in possession of the land, claiming it as her home-
stead; and it was allotted and set apart to her as a homestead,
"under regular proceedings," on the 27th February, 1885.
At the time of her marriage with Thomas Eatman, Mrs. Eat-
man was the widow of William Eatman, by whom she had
several children; and she had two children by her second
marriage, one of whom was the administrator.   The petition,
which was filed on the 9th September, 1887, alleged these
facts, and stated the names, ages, &c., of all the children and
their descendants; insisted that only the children of the sec-
ond marriage—that is, the administrator and the children of
his deceased brother—were entitled to share in the lands;
but alleged, also, "that said land can not be equitably divided
among said heirs, whether all should be entitled to share, or
only" the children of the second marriage.   The adult de-
fendants, children of the first marriage, and the guardian
ad litem of the infants, grandchildren of William Eatman,
filed a demurrer to the petition, on the ground that it did
not state who were the heirs, but showed that there was a
controversy among different claimants as to their respective
interests; and they filed a plea denying the jurisdiction of
the court, on the facts stated in the petition.   The court over-
ruled the demurrer to the petition, and sustained a demurrer
to the plea; and on the evidence adduced, the depositions of
two witnesses taken on interrogatories, granted an order of
sale as prayed, but declined to decide on the respective rights
of the children as among themselves.   The defendants appeal
from this decree, and here assign it as error, together with
the rulings on the demurrers.

The administrator sold the land under this order, becom-
ing himself the purchaser, at the price of $6.00 per acre, or

$960, for which he executed two promissory notes with sureties, as required by the terms of the decree; and he made due report of the facts to the court. The defendants resisted the confirmation of the sale, on the ground that the price bid was inadequate; and this issue coming on for trial, evidence was introduced by both parties. On the evidence adduced, all of which is set out in the bill of exceptions, but which it is unnecessary to state here, the court set aside the sale, and ordered a resale. The administrator as purchaser, and as one of the heirs, excepted to this decree, and he here assigns it as error.

Both appeals were heard together by consent.

J. B. HEAD, for the defendants below.

G. B. MOBLEY, and EDW. DE GRAFFENREID, for the administrator.

CLOPTON, J.—Section 2256 of the Code declares: "There is no distinction between the whole and the half blood in the same degree, unless the inheritance came to the intestate by descent, devise, or gift, from or of some one of his ancestors; in which case, all those who are not of the blood of such ancestor are excluded from the inheritance, as against those of the same degree." The statute abolishes the distinction between the whole and the half blood, as to the descent of estates, except in the single instance, that the inheritance came from an ancestor who was of the blood of one, and not of the other class. In *Stallworth v. Stallworth*, 29 Ala. 76, it was construed "to limit the qualified preference of the whole over the half blood, to estates which the intestate inherited, as contradistinguished from those otherwise acquired by him." The intestate, who was the wife of two husbands, bore children of each marriage. The petition for the sale of the land shows that it was allotted to the intestate after the death of her last husband, under the statutes, as a homestead exempt from sale for his debts, and which she is permitted to retain until it is ascertained whether his estate is solvent or insolvent, and vested in her absolutely, his estate having been reported and declared insolvent.—Code, §§ 2821, 2827. She acquired the estate, not by inheritance from an ancestor, but by statutory right, the statute carving it out of the estate of her husband, and devolving the title on her. The children of both marriages stand in the same degree of

[Kirby v. Spiller.]

relationship, and no distinction can be made between them. Under the statute of descents, all her children are entitled to share equally in the distribution of the proceeds of the land so acquired.

2.   The petition is sufficient to give the court jurisdiction. It does not make a case of adverse titles, which the Probate Court is without jurisdiction to adjudicate; but sets forth the facts, on which the court may determine who are the heirs entitled.   The judge of probate, having ascertained that the land can not be fairly and equitably divided between the heirs, whether consisting of only one or both classes of children, without a sale thereof, and the proof sustaining his conclusion, there is no error in the decree of sale.

3.   The confirmation of the sale rests in the sound discretion of the court, not to be exercised arbitrarily, but according to equitable rules.   It is true there is testimony to show that the land brought its full value, and there is also testimony tending to show that the price for which it was sold is greatly disproportionate to its value.   In this state of the evidence, and considering the opportunities of the witnesses to form a correct judgment, we can not say that the court erred in refusing to confirm the sale.

Affirmed, on both appeals.