# Cox *v.* Clark.

*Statutory Action in nature of Ejectment.*

1. *Descent of lands, as between uncles and aunts, and brothers and sisters of half blood.*—Under statutory provisions regulating the descent of real property (Code, §§ 1915, 1919), uncles and aunts not being of the same degree with brothers and sisters of the half blood, the latter inherit, to the exclusion of the former, the intestate's interest in the lands of his grand-father, although they are not of the grand-father's blood.

APPEAL from the Circuit Court of Bullock.
Tried before the Hon. JESSE M. CARMICHAEL.

[Cox v. Clark.]

This action was brought by Lewis Clark and three others, half brothers and sisters of Sallie Clark, deceased, against Charles Cox and others, to recover the possession of a tract of land particularly described in the complaint, or the plaintiffs' interest therein; and was commenced on the 9th July, 1890. The land belonged to Emanuel Cox at the time of his death in 1872, and the defendants in this case were his children. Sallie Clark, under whom the plaintiffs claimed, was a grand-daughter of Emanuel Cox, her mother (Elizabeth) being one of his daughters, who died in 1858; and Sallie Clark, her daughter, who was born in 1857, died in 1887, intestate and unmarried. After the death of his first wife (Elizabeth), W. Clark, her husband, married a second time; and the plaintiffs in this action are the children of that marriage. The case being submitted to the decision of the court without a jury, on an agreed statement of facts, the question was, whether the interest of Sallie Clark passed on her death to her uncles and aunts, children of Emanuel Cox, or to the plaintiffs, her half brothers and sisters by her father's second marriage. The court held that the plaintiffs were entitled to recover the interest which they claimed, and rendered judgment accordingly; and this judgment is here assigned as error.

J. N. Williams, for appellants, cited *Stallworth v. Stallworth*, 29 Ala. 76; *Kelly v. McGuire*, 15 Ark. 555; 28 Wisc. 90; 22 Mo. 206, 261; *Conkling v. Brown*, 57 Barb. 269; 3 Hals. N. J. 351; *Eastman v. Eastman*, 83 Ala. 480.

Geo. W. Peach, *contra*, cited 61 Amer. Dec. 661.

COLEMAN, J.—Emanuel Cox, the owner of the fee of the lands in controversy, died in 1872, leaving three children surviving him, and grand-children by two deceased children. Sallie Clark, a grand-child of Emanuel Cox, died intestate in 1887, leaving no issue, and no brother or sister of the whole blood, but leaving brothers and sisters of the half blood, who are plaintiffs in ejectment. Neither the father nor mother of plaintiffs are descendants of Emanuel Cox, from whom the inheritance was derived. The only title they set up is through their half-sister, Sallie Clark, who was a grand-child of Emanuel Cox, and who inherited a one-fifth interest in the lands. Sallie Clark, the intestate, survived her father.

The different States have authority to regulate and provide a system of descents and distributions of estates within their respective jurisdictions. The one in this State is complete in and of itself, and most of the provisions in regard to descents

and distributions have been construed by this court, at one or another time. The precise question presented by this record has not been adjudicated.

Subdivision 2 of section 1915 of the Code of 1886 is as follows: "If there are no children or their descendants, then to the brothers and sisters of the intestate." Subdivision 3: "If there are no children or their descendants, and no brothers or sisters or their descendants, then to the father, if living; if not, to the mother." Subdivision 4: "If there are no children or their descendants, no brothers or sisters or their descendants, no father or mother, then to the next of kin to the intestate, in equal degrees, in equal parts." Section 1919 of the Code: "There is no distinction made between the whole and the half blood in the same degree, unless the inheritance came to the intestate by descent, devise or gift, from or of some one of his ancestors; in which case, all those who are not of the blood of such ancestor, are excluded from the inheritance, as against those of the same degree."

"Brothers and sisters," as stated in subdivision 2, include those of the half blood, and all inherit equally the estate of a deceased brother or sister, dying intestate, without descendants, except as qualified and limited by section 1919 *supra*. Children or their descendants of an intestate, or an intestate dying without children, leaving brothers and sisters or their descendants, take by representation without regard to degrees; that is, the children or grand-children take the same share that their deceased parents would have inherited, if living. By representation they are held to be in the same degree of such ancestor, if he was living.—Code, § 1916; *Hitchcock v. Smith*, 3 S. & R. 29; *Stallworth v. Stallworth*, 29 Ala. 76. By section 1917 there is no representation as to collaterals, beyond the descendants of brothers and sisters.

The line of lineal descendants, and the descendants of brothers and sisters, must be exhausted, before the father or mother, or next of kin, can inherit the estate of the intestate. The next of kin, after the father or mother, take *per capita*, and not *per stirpes;* and such next of kin living will take all, to the exclusion of the descendants of those living who would be in the degree of next of kin, if living.

These principles aid in the proper construction of section 1919, *supra*. All property owned by an intestate, dying without lineal descendants, leaving brothers and sisters of the whole and half blood, and which did not come to him by descent, devise or gift from or of some one of his ancestors, and which may be called a new acquisition, goes equally to the brothers and sisters, whether of the whole or half blood. This

[Cox v. Clark.]

question was directly decided in *Johnson v. Copeland*, 35 Ala. 521.

A statute of Arkansas is as follows: "Relations of the half blood shall inherit equally with those of the whole blood in the same degree, and the descendants of such relatives shall inherit in the same manner as descendants of the whole blood; unless the inheritance came to the intestate by descent, devise or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance." This section was construed in *Kelly v. McGuire*, 15 Ark. 591. The facts in the case were: Clinton Kelly inherited a large estate from his father, Charles Kelly. He died intestate, leaving no lineal descendants, but two sisters of the half blood on his mother's side. These two sisters claimed his estate to the exclusion of the paternal uncles and aunts, and in this respect presents the exact question under consideration in the case now before the court. In construing the statute, the court held: "If the inheritance was ancestral, and came from the father's side, it will go to the line on the part of the father, from whence it came, not in postponement, but in exclusion of the mother's line." "That the inheritance being fixed by these facts, it would pursue this line until it became extinct." "That the half sisters took nothing in the real estate which descended to the intestate from his father, Charles Kelly."

Construing a statute similar to the one of the State of Arkansas, the same conclusion was reached by the Supreme Court of New York in the case of *Conkling v. Brown*, 57 Barbour, 276.

In Wisconsin and Missouri the statute is substantially the same as that of New York and Arkansas, and in both of these States has received a similar construction.—*Perkins v. Simmons*, 28 Wis. 90; *Cutler v. Waddingham*, 22 Mo. 206. In New Jersey the statute has this proviso: "*Provided always*, that in case the said lands, tenements or hereditaments came to the person so dying seized by descent, devise or gift of some one of his or her ancestors, all those who are not of the blood of such ancestor shall be excluded from such inheritance." It was held that those who were not of the blood of the ancestor from whom the inheritance came, were excluded, and that only those who were of such blood would inherit.

It will be seen that the statutes of these several States are substantially the same as the statute of this State, with the exception of the last clause of section 1919 of the Code, which is as follows: "In which case all those who are not of the blood of such ancestor are excluded from the inheritance, *as*

[Cox v. Clark.]

*against those of the same degree.*"   Italics are ours, and the words are emphasized, because the statutes which have been considered and construed in the foregoing authorities have no similar provision.   But for these words, we would probably hold, as has been decided in other States, that those who are not of the blood of the ancestor from whom the inheritance came, were excluded until that line was exhausted.

We can not escape the significance of this important qualification.   The legislature had a purpose in so framing this statute, and the purpose is unmistakable.   The exclusion of those who are not of the blood of the ancestor from whom the inheritance came, does not extend to the exhaustion of that ancestral line, but only when there are those of that line in the same degree.   The "same degree" here does not affect the rights of lineal descendants, or the descendants of a brother or sister of the ancestral line of the inheritance.   These take by representation, as we have seen, and stand in the same degree their parents would, if living.   If Sallie Clark had left surviving her a brother or sister on the maternal side, through whom the inheritance came, or children of such brother or sister, such would take to the entire exclusion of the half blood on the father's side; but there being no children of the intestate, or brothers or sisters of the intestate on the maternal side, the half sisters and brothers, though on the father's side, are next in degree, and by force of the statute of distribution, and the qualifying words which we have italicized, take in preference to the aunts and uncles.   Aunts and uncles are not of the same degree with the half brother or sister.

It has been expressly held that the grand-father is next of kin, before an aunt or an uncle, and which is the necessary result when the degrees are computed by the civil law.—Code, § 1918; *Phillips v. Peteet,* 35 Ala. 696.

It follows from the foregoing principles that the trial court correctly held that plaintiffs in ejectment were entitled to recover.   The judgment limits the recovery to an undivided one-fifth interest.   The writ of possession ought to have limited the possession of the plaintiffs to the estate recovered; and thus corrected, the case is affirmed.

Affirmed.