# Coleman v. Foster.

*Bill in Equity for Settlement of a Guardianship.*

1. *Decedent's estates; construction of statute as to descent to relatives of half blood and full blood.*—Under the statute regulating the descent of property of a decedent's estate (Code of 1886, § 1919), the exclusion from inheritance of kin of the half blood, therein provided for, obtains only in respect of kin of the same degree as those claiming the inheritance by kinship in full blood; and a half brother, though not of the blood of the ancestor through whom the property comes to the intestate, inherits to the exclusion of a cousin in full blood of the intestate; the former being related to the intestate in the second degree and the latter in the fourth degree.

APPEAL from the Chancery Court of Hale.

Tried before the Hon. WILLIAM H. TAYLOE.

Fannie Julia Scott departed this life under the age of 18 years without issue. Her father and mother had died prior to her death, and she left surviving her John Edwin King Scott, a half brother, a son of her father by his second wife. She left an estate consisting of real and personal property.

B. W. Coleman, the appellant, was her guardian, and after her death was appointed administrator of her estate. Leah Foster, the appellee, as guardian of J. E. K. Scott, filed the bill in this case against B. W. Coleman for settlement of his guardianship and of his administration. B. W. Coleman filed a cross-bill in which he set up that he was heir-at-law of the decedent, Fannie J. Scott, he, Coleman, being the son of her mother's sister, and prayed that he be decreed entitled to inherit the interest in said estate of the decedent. The cross-bill was dismissed.

[Coleman v. Foster.]

Upon the submission of the cause on the pleadings and proof, the chancellor granted the relief prayed for in the original bill. From this decree the defendant appeals, and assigns the same as error.

SEAY & DEGRAFFENRIED, for appellant.

CHARLES E. WALLER and G. B. JOHNSTON, *contra*, cited *Cox v. Clark*, 93 Ala. 400.

McCLELLAN, J.—Fannie Julia Scott inherited the property involved in this cause from her mother, and died without issue and without brother or sister of the full blood, but leaving a half brother, the son of her father by a second wife. Her father's death preceded hers. B. W. Coleman is the son of her mother's sister. The only question presented for review by the brief of appellant's counsel is whether decedent's half brother, John Scott, or her cousin, B. W. Coleman, inherits this estate, the former being related to the intestate in the second degree, but not through her mother through whom the estate came to her, and the latter in the fourth degree through her mother. Our statutory provision bearing on this question is as follows : "There is no distinction made between the whole and the half blood *in the same degree*, unless the inheritance came to the intestate by descent, devise or gift, from or of some one of his ancestors ; in which case, all those who are not of the blood of such ancestor, are excluded from the inheritance, *as against those of the same degree*."—Code of 1886, § 1919. (The italicization is ours.) In construing this section, this court has passed upon the precise question involved in the present case, and held that the exclusion from inheritance of kin by the half blood provided for in the statute obtained only in respect of such kin in the same degree as those claiming the inheritance by kinship in full blood. We see no way of escape from this construction without doing violence to the manifest general purpose of the law-makers to put kinship by the whole and half blood upon the same footing in respect of capacity to inherit, with the single exception provided in this statute, or without denying all force and meaning to the concluding words of the section, limiting the exception it makes to relations by the half blood of the

same degree. We, therefore, re-affirm the decision in *Cox v. Clark*, (93 Ala. 400) ; and upon the authority of that case, the decree in this one must be affirmed.

Affirmed.

COLEMAN, J., not sitting.