(39 Misc. Rep. 416.)

### RIGHTER v. LUDWIG et al.

(Supreme Court, Special Term, New York County. December, 1902.)

**1. DESCENT OF REALTY.**

Laws 1896, c. 547, § 204, provides that a surviving father shall inherit from an intestate who dies without lawful descendants, unless the inheritance came to him on the part of his mother, and she being then alive. A wife died testate, and left a husband and three sons,—one born after her will. The shares of her elder sons never vested in them absolutely under the terms of the will, because of their death intestate, unmarried, and without issue. *Held*, that the share of the oldest son, which on his death passed to the second son, did not on the latter's death pass to the third son, but to his surviving father, as such son did not take directly from his mother, but from his brother, and the mother also being dead.

Action by John Walter Righter against Edward I. Ludwig and others for partition. Judgment for plaintiff.

Louis F. Reed, for plaintiff.

Phelps & East (Charles Henry Phelps, of counsel), for defendant Ludwig.

L. Austin Johnson, for defendants Jeanette Bacigalupo and Angeline Court.

Chas. Martin Camp, guardian ad litem for Marie Louise Court.

TRUAX, J. In 1863 one Achille Ludwig became the owner of the property which is the subject of this action. In 1866 he and his wife, Agnes, conveyed one equal undivided half of said property to Paul Jeanne, and later said Paul Jeanne and Annie, his wife, conveyed one equal undivided half back to Agnes Ludwig, wife of said Achille. Agnes Ludwig died in 1880, at which time she and her said husband, Achille Ludwig, each owned an undivided one-half of said property. On her death, in 1880, Agnes Ludwig left, her surviving, her husband, Achille Ludwig, and three sons, Charles Achille

¶ 1. See Descent and Distribution, vol. 16, Cent. Dig. §§ 42, 86.

Ludwig, Franklin B. Ludwig, and Edward I. Ludwig. Said Agnes Ludwig died, leaving a last will and testament, bearing date the 13th day of February, 1886, which contained the following clause in reference to the property in question:

"Second. I give, devise, and bequeath my undivided half part of the house and lot situated on the easterly side of Sixth avenue, and at present known by the street number one hundred and thirty-four on said Sixth avenue. * * * unto my two children, Charles Achille Ludwig and Frank Ludwig, and to their heirs, executors, administrators, and assigns, forever, to be equally divided between them, share and share alike; and in case of the death of either of my said children during his minority, without leaving lawful issue him surviving, I give, devise, and bequeath the share or part of the child so dying to the survivor of them, and to his heirs, executors, administrators, and assigns, forever; and in case of the death of both of my said children during their respective minority, without either of them leaving lawful issue him surviving, then and in such case I give, devise, and bequeath the shares of both of my said children to my husband, Achille Ludwig, his heirs and assigns, forever."

The defendant Edward I. Ludwig was born after the execution of said last will and testament of said Agnes Ludwig, and before the death of either Charles Achille Ludwig or Franklin B. Ludwig. The said last will and testament of said Agnes Ludwig was duly admitted to probate on the 3d day of October, 1880. Charles Achille Ludwig died intestate, unmarried, and without lawful issue on the 6th day of December, 1886. Franklin B. Ludwig died in 1895, intestate, unmarried, and without lawful issue. Achille Ludwig died on the 23d day of December, 1901, leaving a last will and testament, dated September 20, 1901, which said last will and testament has been duly admitted to probate, and by which last will and testament he gave, devised, and bequeathed all his interest in the property in question to the defendant Marie Louise Court, subject, however, to the use of the mother of the said Marie Louise Court, Angeline Court, of such interest in the said property until said Marie Louise Court should reach the age of 30 years. The will also provided that, if the said Angeline Court should die before the said Marie Louise Court should reach the age of 30 years, the said Marie Louise Court should come into immediate possession and title of said property. By the said will the said Achille Ludwig appointed the defendant Angeline Court executor, and gave her full power and authority to sell and convey his said real estate. The said Marie Louise Court is now of the age of 17 years. On the 11th day of December, 1899, the said Achille Ludwig mortgaged his interest in said property to the defendant Bacigalupo, and on the 29th day of March, 1901, the said Achille Ludwig further mortgaged his property to the defendant Angeline Court, both of which mortgages are still in full force and effect. On the 3d day of March, 1902, by deed dated on that day, said Angeline Court, as executrix of Achille Ludwig, deceased, conveyed to the plaintiff herein all the right, title, and interest of the said Achille Ludwig, deceased, in said property hereinbefore mentioned. The defendants Cordes and Sparrow are tenants in said property under leases which terminate on the 1st day of May, 1903.

I decide that John Walter Righter, the plaintiff herein, is now seised in his own right, in fee simple, as tenant in common, of, in,

and to seven-twelfths of the premises mentioned and described in the complaint, subject to the said mortgage to the defendant Bacigalupo and interest thereon, and subject to the said mortgage to the defendant Angeline Court and interest thereon; that the defendant Edward I. Ludwig is seised in his own right, in fee simple, as tenant in common, of, in, and to five-twelfths of said premises, subject to the right of dower of his wife, the defendant Julia A. Ludwig; that the defendant Jeanette H. Bacigalupo has a lien on the interest or share of the plaintiff in the sum of $1,000, with interest thereon; that the defendant Angeline Court has a lien on the interest or share of the plaintiff in the sum of $3,000, with interest thereon; that the defendant Julia A. Ludwig has an inchoate right of dower in the five-twelfths interest of the defendant Edward I. Ludwig; that the defendants John D. Cordes and Jacob Sparrow are tenants in said property under leases which terminate on May 1, 1903; that the premises hereinabove mentioned is the only real estate owned in common by the parties to this action; that there are no liens or incumbrances on the premises, or any part thereof, except as above mentioned; and that the premises are so situated as to be incapable of actual partition; and I order judgment accordingly, with costs of this action.

The grounds of this decision are as follows:

Section 284 of the real property law provides that:

"If the intestate die without lawful descendants, and leave a father, the inheritance shall go to such father, unless the inheritance came to the intestate on the part of his mother, and she be living; if she be dead, the inheritance descending on her part shall go to the father for life, and the reversion to the brothers and sisters of the intestate and their descendants, according to the law of inheritance by collateral relatives hereinafter provided."

On the death of Charles Achille Ludwig, Achille Ludwig owned one-half of said property in fee, and held an interest for life in a portion of the rest of the property. Franklin B. Ludwig owned one-sixth in fee, which came to him from said Agnes Ludwig, and Franklin B. Ludwig also owned one-twelfth in fee, which descended to him from said Charles Achille Ludwig. Edward I. Ludwig owned one-sixth in fee, which came to him from said Agnes Ludwig, and he also owned one-twelfth in fee, which came to him from Charles Achille Ludwig. On the death of Franklin B. Ludwig, the one-sixth which he had received from his mother, Agnes Ludwig, descended to the sole surviving brother, the said Edward I. Ludwig. The one-twelfth which he received from his brother Charles Achille Ludwig descended to his father, Achille Ludwig. This one-twelfth came to said Franklin B. Ludwig under section 284 of the real property law, and would not go to the defendant Edward I. Ludwig unless it came to the said Franklin B. Ludwig "on the part of his mother and she be living." I have not been able to find a case exactly like the present, but a similar point was considered in the court of appeals in Wheeler v. Clutterbuck, 52 N. Y. 67. The facts in that case were that one Richard Tighe died intestate, seised of certain real estate, and leaving a widow and two children, Patrick and Letitia. The widow remarried, and by the second marriage had one son, William.

Letitia then died intestate, without descendants, and thereafter Patrick also died intestate, without descendants, leaving his mother and his half-brother, William, alive. It was held that, as to the undivided one-half of the land which came to Patrick by descent from his father, William, the half-brother, was excluded from inheriting, because he was not of the blood of the father of Patrick, and that the mother took the inheritance in fee; that as to the other undivided one-half, which came to Patrick by descent from Letitia, subject to the life estate of the mother, William took the inheritance subject to such life estate, he having been born of the same mother, and thus being of the blood of Letitia. The court said that section 15 of the statute (1 Rev. St. p. 753) concerning descents, which provides that in case an inheritance came to an intestate by descent, devise, or gift of one of his ancestors, all those not of the blood of such ancestor shall be excluded from such inheritance, refers to the immediate ancestor from whom the intestate received the inheritance, not a remote ancestor who was the original source of title, and that the term "ancestor," when used with reference to the descent of real property, embraces collaterals as well as lineals through whom an inheritance is derived. Following this ruling, Charles Achille Ludwig, and not Agnes Ludwig, was the ancestor from whom Franklin B. Ludwig received one-twelfth of the estate, and this one-twelfth so received went to Achille Ludwig. In Valentine v. Wetherill, 31 Barb. 655, the court said, in interpreting the same statute, "The statute looks only at the last possession of the inheritance, and does not refer to the original source of title." To like effect are Hyatt v. Pugsley, 23 Barb. 300; Adams v. Anderson, 23 Misc. Rep. 705, 53 N. Y. Supp. 141; Emanuel v. Ennis, 48 N. Y. Super. Ct. 430.

Judgment accordingly.