(170 App. Div. 240)

CORNELL v. CHILD et al.

(Supreme Court, Appellate Division, Second Department.  December 17, 1915)

DESCENT AND DISTRIBUTION ⬤⟲41—COLLATERAL HEIRS—HALF BLOOD—"ANCESTOR"—"OF THE BLOOD."

Decedent Estate Law (Consol. Laws, c. 13), § 90, provides that the relatives of the half blood and their descendants shall inherit equally with

those of the full blood and their descendants in the same degree, unless the inheritance came to the intestate from an ancestor, in which case all who were not of the blood of the ancestor shall be excluded. *Held*, that a brother and nieces of the half blood of the intestate, who received property from her mother, who was a sister of their mother, were entitled to the property of the intestate as against heirs of another sister, who were intestate's cousins and second cousins, since the term "ancestor" embraced both lineals and collaterals, and the term "of the blood" requires no definite proportion of the blood for inclusion within it; all being of the blood of an ancestor who may, in the absence of other and nearer heirs, take by descent from that ancestor, and exclusion of heirs of the half blood being contrary to public policy.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 116, 117; Dec. Dig. ☞41.

For other definitions, see Words and Phrases, First and Second Series, Ancestor.]

Appeal from Special Term, Westchester County.

Action by Edwin T. Cornell against Lillian R. Child and others for partition of an estate. From a judgment for plaintiff, certain defendants appeal. Affirmed.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Eben H. P. Squire, of White Plains, for appellants.
Burton C. Meighan, of New Rochelle, for respondents.

PUTNAM, J. The rights of the descendants of three sisters, Sarah, Elizabeth, and Ann Theall, are here involved. Mr. William Cornell first married Sarah, by whom he had two sons, William T. Cornell (who in 1907 deceased, leaving as only issue Lillian R. Child and Florence C. Kent) and Edwin T. Cornell, the plaintiff herein. After Sarah's death, Mr. William Cornell married as his second wife Elizabeth Theall, by whom he had three children, Fred L. Cornell, Frank S. Cornell, and a daughter, Ella L. Cornell. Mrs. Elizabeth Cornell was seised of the lands here in question. She died in 1892, intestate, so that the lands, subject of this suit for partition, descended to her three children aforesaid, each having a third interest, as tenant in common. These children have now all died. Ella's interest became increased by devise and descent from her brothers. By lapse of certain provisions of the will of Ella Cornell, a case of partial intestacy has arisen as to one-half of her residuary estate. The respondents claim that this inheritance passed to her brother of the half blood, plaintiff, Edwin T. Cornell, with her nieces of the half blood, Lillian R. Child and Florence C. Kent, daughters of the deceased half-brother, William T. Cornell, between whom there is entire agreement.

The descendants of Ann Theall, by her marriage with Thomas Purdy, also claim an equal share in the property as to which Ella L. Cornell died intestate. This family relationship is shown by the following diagram:

The learned court at Special Term has found and determined that the plaintiff, Edwin T. Cornell, and the defendants Lillian R. Child and Florence C. Kent, inherit the property which descended to Ella Cornell directly from her ancestor, Elizabeth Cornell, as to which Ella Cornell died intestate. This is through their kinship of the half blood, under the provisions of the Decedent Estate Law (Laws of 1909, c. 18). Obviously, if they do so inherit, the descendants of Sarah Purdy, being cousins, are excluded from any right in the property under rule IV of descents. Fowler, Real Property (2d Ed.) pp. 864, 866.

It is not questioned that these respondents whom, for brevity, counsel have described as the "Cornell claimants," are nearer in degree than those called the "Purdy claimants," if the half blood here stand equally with the whole blood. But it is urged that a different rule applies as to this landed interest which the intestate has inherited from her mother, under the exception as to ancestral property by Decedent Estate Law, § 90, which provides:

"Relatives of the half blood and their descendants shall inherit equally with those of the whole blood and their descendants, in the same degree, unless the inheritance came to the intestate by descent, devise or gift from an ancestor; in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance."

This re-enacts former Real Property Law (Laws of 1896, c. 547) § 290, taken from 1 Rev. Stat. star page 753, § 15.

By the term "ancestor," when used in respect to the succession to real estate, is meant a predecessor in estate, and is applied to every person from whom property might be inherited. It embraces both lineals and collaterals. McCarthy v. Marsh, 5 N. Y. 263. The novelty is in the dual relationship through marriage of sisters to same husband. When such a situation arose before the New Jersey Supreme Court in 1826, where like competing rights resulted from the marriage with sisters, Mr. Justice Ford said:

"The present case of a man marrying two sisters forms an anomaly; the issue of such a marriage, disposed of in *such* a form, may not occur again in a century." Den, on Demise of Delaplaine, v. Jones & Searing, 3 Halsted (8 N. J. Law) 340, 355.

But in the present case this double kinship solves all difficulty, and under our statute furnishes an undeniable blood relationship. The term "of the blood" as here used, does not indicate the quantity, but simply that there is some of the blood, whether the whole, or the half, or a smaller portion. Beebee v. Griffing, 14 N. Y. 235. As to a part of the interest of the intestate, her brothers Fred and Frank are to be deemed "ancestors"; while as to the portion which Ella inherited from her mother, Elizabeth, the mother is the ancestor, as the inheritance was direct to the daughter. The brother and nieces of the intestate by the half blood (the Cornell claimants) are to be deemed "of the blood" of Elizabeth Cornell, under the rule that "all are of the blood of an ancestor who may in the absence of other and nearer heirs take by descent from that ancestor" (2 Bl. Com. 220), a holding which does not take the inheritance out of the family. Such a

conclusion is supported by Gardner v. Collins, 2 Pet. 58, 7 L. Ed. 347; Den, on Demise of Delaplaine, v. Jones & Searing, 8 N. J. Law, 340; Wheeler v. Clutterbuck, 52 N. Y. 67; Banes v. Finney, 209 Pa. 191, 58 Atl. 136. Our public policy is against the feudal exclusion of the half blood, which doubtless was because by promoting escheats it favored the crown. Pollock & Mait. Hist. Eng. Law, vol. 2, p. 305.

The findings and determination of the learned Justice at Special Term accord with the trend of American authority. Note to Anderson v. Bell, 29 L. R. A. 541, 546.

I advise that the judgment be affirmed, with costs. All concur.