(75 South. 954)

BURGESS v. FOWLER. (7 Div. 846.)

(Supreme Court of Alabama. May 10, 1917.)

1. DEEDS ⬅61—DELIVERY—DEEDS TO TAKE EFFECT ON DEATH OF GRANTOR.

Where a deed was duly signed and acknowledged and attested by the deputy clerk in the probate office and delivered by the grantor to some person in the probate office to be delivered at her death to the grantee named therein, and while it so remained in that custody grantor told the grantee personally that it had been so deposited for that purpose, and the grantor placed the grantee in possession several years before her death and said she had given the land to him and the delivery of the deed was unconditional and control was reserved, the delivery of the deed to the depositary was effectual to pass the title upon the death of the grantor.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 140, 141.]

2. DEEDS ⬅177 — DELIVERY — SUBSEQUENT RIGHTS OF GRANTOR.

If the intention of a grantor in the first instance was to make a complete and valid delivery of a deed intended to take effect upon death of the grantor, she had no right by subsequent withdrawal of the deed to nullify that act.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 549, 549½.]

3. DEEDS ⬅208(5)—DELIVERY—EVIDENCE— SUFFICIENCY.

That a deed intended to take effect at the death of the grantor recited that it was "signed, sealed and delivered" in the presence of the probate clerk who was the attesting witness, with further evidence, held to support an inference that the deed was then and there delivered to the attesting witness as depositary, and that its subsequent possession several years later by

the grantor was consequent upon the death of the depositary.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 629.]

4. DEEDS ☞177—DELIVERY—EFFECT OF SUBSEQUENT RECAPTION AND RETENTION BY GRANTOR.

Recaption and retention of such deed by the grantor several years after such delivery and consequent upon the death of the depositary does not negative the intent or impair the effect of the previous delivery.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 549, 549½.]

Appeal from City Court of Gadsden; John H. Disque, Judge.

Ejectment by Y. A. Fowler against Sampson E. Burgess. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

J. M. Miller, of Gadsden, for appellant. J. R. Forman, of Gadsden, for appellee.

SOMERVILLE, J. Both parties claim title through Mrs. M. E. Fowler, plaintiff, as her surviving husband, and defendant, by deed of gift from her. The trial was without a jury, and there was judgment for plaintiff.

The decisive question is whether or not Mrs. Fowler's deed to defendant was effectually delivered so as to become operative before her death. The deed was found among her effects after her death in December, 1915, by a relative, who delivered it to defendant, by whom it was filed for record.

The evidence, without material conflict, supports the following conclusions of fact:

1. The deed was duly signed and acknowledged by Mrs. Fowler and her husband, on October 19, 1908, and was attested by one Hughes, the deputy clerk in the probate office.

2. It was thereafter delivered by Mrs. Fowler to some person in the probate office, for the purpose of being delivered at her death to defendant, the grantee named therein.

3. While it remained in that custody, Mrs. Fowler personally informed defendant that it had been so deposited for that purpose.

4. Mrs. Fowler wished and intended to give the land to defendant, placed him in possession of it several years before her death, and announced to one or more persons that she had given it to him.

5. The delivery of the deed was unconditional, and no right of recaption or control was reserved, either expressly at the time, or by implication from the circumstances.

[1] On these facts, the law is well settled that the delivery of the deed to the depositary was effectual to pass the title upon the death of the grantor. Culver v. Carroll, 175 Ala. 469, 57 South. 767, Ann. Cas. 1914D, 103, citing many authorities; Seeley v. Curts, 180 Ala. 445, 61 South. 807, Ann. Cas. 1915C, 381; Gulf, etc., Co. v. Crenshaw, 169 Ala. 606, 53 South. 812; Strickland v. Griswold,

149 Ala. 325, 43 South. 105; 1 Devlin on Deeds (3d Ed.) §§ 278a, 280, 281a.

[2] And if her intention was to make a complete and valid delivery in the first instance, she had no right by subsequent withdrawal of the deed to nullify that act. Maxwell v. Harper, 51 Wash. 351, 98 Pac. 756, 759, and cases therein cited; 1 Devlin on Deeds (3d Ed.) §§ 278a, 300.

[3, 4] It is a significant fact in this case that this deed was attested by Hughes, the probate clerk, who afterwards died, and that the attestation clause recites that the deed was "signed, sealed and delivered" in his presence. This recital, in connection with the other evidence, supports a strong inference that the deed was then and there delivered to the attesting witness as depositary, and that its subsequent possession, several years later, by the grantor, was consequent upon the death of the depositary. Such a recaption and retention does not negative the intent, nor impair the effect, of the previous delivery.

We think that the evidence, taken as a whole, shows a valid and effectual delivery of the deed by the grantor in her lifetime, by which the title to the property in suit passed at her death to this defendant.

Let the judgment of the trial court be reversed, and one here rendered in favor of the defendant.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.