(134 So. 476)

**PURCELL v. SEWELL et al.**

7 Div. 990.

Supreme Court of Alabama.

March 26, 1931.

Rehearing Denied May 21, 1931.

74

W. T. Murphree, of Gadsden, for appellant.

Hugh Reed, of Centre, for appellees.

THOMAS, J.

The case was transferred from the probate court to the equity division of the circuit court.

■ The question for decision is raised by assignment of error No. 3 to the effect that: "The Court erred in his final decree in holding that the property of said estate should be distributed to the heirs and distributees of said estate without preference to petitioner by reason of the fact that he is of full blood with deceased."

The decree was final and supports an appeal. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Rome & Decatur Railroad Co. v. Sibert, 97 Ala. 393, 12 So. 69; Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917, and authorities.

■ The deed from Miss Patience League to John T. Purcell was never shown, to our satisfaction, to have been delivered and may be laid out of the case. The mere fact that it came from among the grantor's papers after her death did not show delivery, but tended to show the contrary. Culver v. Carroll, 175 Ala. 469, 57 So. 767, Ann. Cas. 1914D, 103; Burgess v. Fowler, 200 Ala. 196, 75 So. 954; Seeley v. Curts, 180 Ala. 445, 61 So. 807, Ann. Cas. 1915C, 381; 52 A. L. R. 1223 et seq., note.

What of the construction given by the trial court to section 7369 of the Code?

The evidence of the relationship of the parties is that testatrix was a sister to the

mother of O. P. and John T. Purcell. Their father had children by a second wife—half brothers and sisters of petitioner. The devisee and legatee, John T. Purcell, the whole-blood brother of petitioner, died intestate, leaving as next of kin his brothers and sisters, or their children, where the parent had died intestate, parties to this suit. The will of Miss Patience League contained the following item: "Second: I will, bequeath and devise to my nephew, J. T. Purcell, who has faithfully taken care of me during my declining years, all my property, real, personal and mixed of which I may die seized and possessed, or to which I may be entitled at the time of my decease to have and to hold absolutely."

■ The property so dealt with was real estate and a savings bank account that went into the possession of J. T. Purcell and which he retained until the time of his death. The recital of faithful "care" of testatrix during her "declining years" by said nephew did not impress said property with the character of "nonancestral" within the rule as to half and whole blood inheritance.

■ It will be noted that the statute, section 7369, Code, as to the subject, property, or character thereof, had for its purpose a modification of the common law (Stallworth v. Stallworth, 29 Ala. 76), and created a qualified preference of whole over half blood to estates or property which intestate inherited —by descent, devise, or gift—as contradistinguished from other methods of its acquirement. In Eatman v. Eatman, 83 Ala. 478, 3 So. 850 (where the estate came to the wife as a homestead), it was held there were two sets of children that stood in the same degree; Stallworth v. Stallworth, supra, dealing with the property of a brother who derived from his father—the common ancestor—and the children of the deceased brother of half blood, held the same degree as the surviving brothers and sisters; Johnson v. Copeland's Adm'r, 35 Ala. 521, holding the slaves came from a father and his line took, the rents were not an inheritance, and the children of the father and mother participated in distribution. 18 C. J. 818, § 20. The rule is to trace the title back in the ascending line to the person last seized, in determining from whom the estate came, and the nature thereof, Gray v. Swerer, 47 Ind. App. 384, 94 N. E. 725; Murphy v. Henry, 35 Ind. 442, 450; Den ex dem. Pierson v. De Hart, 3 N. J. Law (2 Pennington) 363, 367; and in regard to the distribution of ancestral estates, it is the one from whom the estate immediately, and not the one from whom it remotely, descended, that indicates its character, Gardner v. Collins, 2 Pet. 58, 87, 7 L. Ed. 347; Clark v. Shailer, 46 Conn. 119; Buckingham v. Jacques, 37 Conn. 402; Wheeler v. Clutter-buck, 52 N. Y. 67; Prickett's Lessee v. Parker, 3 Ohio St. 394, 396.

■ The wording of the statute, section 7369, Code, contains further limitations, as expressed or embraced in the use of the terms "same degree" and "from or of some one of his ancestors." Whether an estate is ancestral or nonancestral is determined by the legal title. In Higdon v. Leggett, 208 Ala. 352, 94 So. 359, the conveyance was that of purchase, and the two sets of children participated in distribution. In 18 C. J. 818, many authorities are collected, and the statement of the general rule is: " * * * The general rule stated and applied in the construction of practically all statutes relating to the descent of ancestral estates, even though their phraseology may be variant, is that, in order for an estate to be ancestral, it must come directly from an ancestor without consideration other than that of blood. In other words, it must come in the regular course of descent, or by gratuitous devise or deed of gift directly from an ancestor from whom the intestate might have inherited but for the devise or gift. Where the estate comes from a person who is a stranger to the blood or from an ancestor for some consideration deemed valuable in law, it is non-ancestral or a new acquisition, and descends accordingly."

And in 2 C. J. p. 1334, the authorities are collected to the effect that the technical use of the word "ancestor" in statutes of descent means any one from whom an estate may be inherited. For example: A child may be the "ancestor" of his parent, Lavery v. Egan, 143 Mass. 389, 9 N. E. 747; a son may be the "ancestor" of his father, Rountree v. Pursell, 11 Ind. App. 522, 39 N. E. 747; and an infant brother may be "ancestor" of an adult brother, Murphy v. Henry, 35 Ind. 442.

The "character of the estate," and the personal relationship, or the act of law and the right of blood, enter into the legal definition of a descent. Springer v. Fortune, 2 Handy, 52, 58, 12 Ohio Dec. (reprint) 325; Den v. De Hart, supra.

The opinion by Mr. Justice Story in Gardner v. Collins, 2 Pet. 58, 88, 7 L. Ed. 347, 358, said: "When, therefore, the distinction between the whole and half blood was well known in the colony, not only as a part of the common law, but as a part of its own legislation, and the proviso is dropped, in which the words 'whole blood' were studiously used; and the words 'of the blood' only, are found in any correspondent provision, it affords a strong presumption, that the whole blood were no longer deemed to be exclusively entitled to inherit, but that the half blood should be let in. * * * We see no reason, then, to doubt, that the words 'of the blood,' include the half as well as the whole blood. The

plaintiff, then, and those from whom he claims being the next of kin of the intestate (see Smith v. Tracy, 2 Mod. 204; Crook v. Watts, 2 Vern. 124; S. C. Show. P. C. 108), and of the blood of her two brothers (see Cowper v. Cowper, 2 P. Wms. 720, 735; Collingwood v. Pace, 1 Vent. 424; Watkins on Descents, 227, 228 [153], note; Reeve on Descents, 176), from whom she immediately derived that part of the estate which is now in controversy, is entitled to recover, unless the statute in the other part of the clause defeats the descents." Held, to comprehend whole and half bloods, and title or descent "meant immediate" ancestor, donor, or devisor. See Valentine v. Wetherill, 31 Barb. (N. Y.) 655, 659; 2 Bouv. Inst. 355; Bouv. Law Dict., vol. 1, p. 192; 2 Bl. Comm. 209; 4 Kent's Comm. 404; Gardner v. Collins, 2 Pet. 58, 7 L. Ed. 347.

▮ That is to say, "As used in a statute concerning descents, providing that in case an inheritance came to an intestate by devise or descent from one of his 'ancestors,' when used with reference to the descent of real property, the term embraces collateral as well as lineals through whom an inheritance is derived. Righter v. Ludwig, 39 Misc. Rep. 416, 420, 80 N. Y. S. 16 [cit. Wheeler v. Clutterbuck, 52 N. Y. 67]. The inference is plain, said Judge Foot in McCarthy v. Marsh, 5 N. Y. 263, 283, that the word 'ancestor' as used in the statutes is not limited in its meaning to lineal ancestors or progenitors. 'Hence the inference is pretty plain, that our revisors and legislature used the term "any ancestor," without the qualifying words "lineal" or "collateral," with the intent of embracing ancestors of both classes.' Matter of Reeve, 38 Misc. Rep. 409, 412, 77 N. Y. S. 936." 2 Corpus Juris, p. 1334, notes (a) and (b); McCarthy v. Marsh, 5 N. Y. 263; Cornell v. Child, 170 App. Div. 240, 156 N. Y. S. 449.

It is well to note the observation of the annotator to section 7369, Code of 1928, which is in the words of Cox v. Clark, 93 Ala. 400, 404, 9 So. 457, as follows: "But for the last clause of this section the court would probably hold, as has been decided in other states, that those who are not of the blood of the ancestor from whom the inheritance came were excluded until that line was exhausted. We cannot escape the significance of this important qualification. The legislature had a purpose in so framing this statute, and the purpose is unmistakable. The exclusion of those who are not of the blood of the ancestor from whom the inheritance came does not extend to the exhaustion of that ancestral line, but only when there are those of that line in the same degree. The 'same degree' here does not affect the rights of lineal descendants, or the descendants of a brother or sister of the ancestral line of the inheritance. Cox v. Clark, 93 Ala. 400, 9 So. 457, 458. A relative of half

blood related to the intestate in a closer degree than others of whole blood inherits under this section to the exclusion of the whole blood, although the half blood is not of the blood of the ancestor through whom the property came. Coleman v. Foster, 112 Ala. 506, 20 So. 509, citing Cox v. Clark, 93 Ala. 400, 9 So. 457."

Mr. Justice Stone, in the early case of Johnson v. Copeland's Adm'r, 35 Ala. 521 (under this statute, section 1576, Code of 1852), declared that on the death of a child intestate, slaves derived by descent from his father were distributed (1) among the brothers and sisters of half blood on the father's side to the exclusion of brothers and sisters of half blood on the mother's side; (2) that money accruing for hire of these slaves after distribution to intestate was a new acquisition that was distributed equally among all his brothers and sisters on both sides. Stikes v. Swanson, 44 Ala. 633; Cox v. Clark, 93 Ala. 400, 403, 9 So. 457.

In Stallworth v. Stallworth, 29 Ala. 76, 77, Judge Stone again construed the statute, saying of the facts: "Eldridge G. Stallworth died in 1854, intestate, without child or widow, he never having married, but leaving brothers and sisters, some of the whole, and some of the half blood, him surviving. He also left, surviving him, nephews and nieces, children of deceased brothers and sisters of the half blood. The property of which intestate died the owner, was derived from N. Stallworth, father of intestate, who was also father of the surviving brothers and sisters, both of the whole and half blood, and grandfather of the nieces and nephews, children of the deceased brothers and sisters of the half blood; the two classes of children having a common father, but different mothers." And it was held in the last-cited case that children of a deceased brother or sister of the half blood occupy "the same degree" of relationship as the surviving brothers and sisters, and take by representation, the share which the ancestor, if living, would have taken.

The foregoing is an application of the rule or definition of "one of ancestors" and of the "same degree." Cox v. Clark, 93 Ala. 400, 402, 9 So. 457.

▮ It may be noted further, regarding the limitations of statute as to kin of the "same degree," that half-brothers will inherit before a more remote degree, as before cousins of the full blood, Coleman v. Foster, 112 Ala. 506, 20 So. 509, as uncles and aunts not being of the same degree with brothers and sisters of the half blood, the latter inherit to the exclusion of the former, Cox v. Clark, 93 Ala. 400, 9 So. 457. That is to say, the question in the Cox Case, supra, was whether the interest of a grandchild passed at death to the uncles and aunts of the blood of Emanuel Cox, or to plaintiffs, the half-blood sisters

and brothers of said deceased grandchild, Sallie Clark? Otherwise stated, Emanuel Cox owned the fee of the land in controversy, and left, at his death, three children and grandchildren by two deceased children; one of these grandchildren died intestate, without issue, and no brother or sister of the whole blood, but leaving brothers and sisters of the half blood, who sued in ejectment for their moiety in the land. Neither the father nor mother of plaintiffs was a descendant of Emanuel Cox from whom the inheritance was originally derived, but plaintiffs claimed title through their half-sister, Sallie Clark (who survived her father), and she was a grandchild of said Emanuel Cox. Plaintiffs were allowed to recover their interest in the "ancestral estate" of Sallie's grandfather, Emanuel Cox. Thus this controversy was of an inheritance from a remote degree, "from or of some one of his (their) ancestors"; held as impressed with the character of the ancestral estate to or from the grandfather of Sallie Clark, the half-sister of plaintiffs; held to recover against the uncles and aunts, the defendants in the case and children of Emanuel Cox, there being no whole brothers or sisters of Sallie Clark.

Construing the present statute, which comes to us from the Code of 1852, this court stated that but for the words "same degree" it would have followed the decisions in other states; that those who are not of the blood of the ancestor from whom the inheritance comes, are excluded until that line is exhausted; that "the exclusion of those who are not of the blood of the ancestor from whom the inheritance came" does not extend "to the exhaustion of that ancestral line, but only when there are those of that line in the same degree, the 'same degree' not affecting the rights of lineal descendants or the descendants of a brother or sister of the ancestral line of inheritance." 29 L. R. A. 546, 553.

To advert to Cox v. Clark, 93 Ala. 400, 404, 9 So. 457, 458, the opinion expressly states the reason on which the judgment was rested to be as follows: "If Sallie Clark had left surviving her a brother or sister on the maternal side, through whom the inheritance came, or children of such brother or sister, such would take to the entire exclusion of the half blood on the father's side; but there being no children of the intestate, or brothers or sisters of the intestate on the maternal side, the half sisters and brothers, though on the father's side, are next in degree, and by force of the statute of distribution, and the qualifying words which we have italicized, take in preference to the aunts and uncles."

It should be further said of our statutes that the degree of kindred must be computed according to the rule of the civil law (section 7368, Code; Danzey v. State, 126 Ala. 15, 28 So. 697); and that the personal estate of one dying intestate is distributed in the same manner as his real estate, and according to the same rules, in respects here applicable. Sections 7366, 7374, Code; Phillips v. Lawing, 150 Ala. 186, 43 So. 494.

The instant suit being for an estate, real and personal, devised and bequeathed by the aunt to the nephew on the side of the sister and mother, was (1) a devise and bequest from an ancestor within the statute, and that estate was ancestral; (2) that the several parties in interest are, under the statute, within the "same degree"; and (3) that those not of the blood of such ancestor are excluded from the inheritance as against those of the blood of such ancestor of the same degree. The appellees, while of the "same degree" with appellant, as counted by the rules of the civil law, were not of the blood of such ancestor—Miss Patience League —and appellees were excluded by the statute from inheritance as against a whole blood of the same degree.

It may be specifically stated that appellant's petition as to the 109 acres of land in Coats Bend, Etowah county, Ala., and the savings account on deposit with the First National Bank of Gadsden of about the sum of $1,686.94, and interest thereon, that may be uncollected, were the properties and moneys that constituted the ancestral estate from Patience League, and should be distributed to O. P. Purcell according to the prayer of his petition. The other properties (real, personal, and mixed) of said decedent will be distributed to the whole blood and half bloods, or their respective heirs or distributees, according to the general laws of descent having application.

The judgment of the lower court is reversed, and the cause is remanded for proper judgments of distribution as to the several properties of decedent and those taking the same under the statutes.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.