Macon and Augusta Railroad *vs.* Bowen.

SAMUEL D. IRVIN, by brief, for plaintiff in error.

FLEMMING JORDAN, Solicitor General, represented by J. H. BLOUNT, for the State.

---

MACON AND AUGUSTA RAILROAD COMPANY *et al.*, plaintiffs in error, *vs.* THOMAS O. BOWEN, defendant in error.

Where several owners of land lying on the line of a projected railroad make a written agreement, that if the road is located as projected, they will grant to the company the right of way over their land, and the road is accordingly so located and built, the owners of the land are estopped from claiming damages, for the running of the road through their land, and on trial, under charter for ascertaining the value of the fee simple right to the land used, that value is to be counted on, so far as it had value over and above the right of way.

The grant of the right of way over land in consideration of the location of a railroad as projected, is not revocable after acted on. (R.)

Appeal from award. Assessment of damages under railroad charter. Right of way. Before Judge ROBINSON. Jones Superior Court. October Term, 1871.

An award was rendered by arbitrators to assess damages in favor of defendant in error against plaintiff in error, for running a railroad through the land of the former. An appeal was entered by plaintiff in error to the Superior Court. The case was submitted to a jury, who found a verdict in favor of defendant in error, for the sum of $1,300.50. As a portion of the evidence, the plaintiff in error introduced a written agreement, made on November 28th, 1860, by which defendant in error and others contracted, in consideration of the benefits which they expected to derive from the railroad through their property, to grant to said road the right of way through their land, the same not to exceed seventy-five feet in width on each side of the centre line of said road. Plaintiffs in error requested the Court to charge as follows: "If the jury shall believe, from the evidence, that the plaintiff executed to defendant the instrument put in evidence, he is not entitled to recover anything beyond the difference in value between the right of way thereby granted, and the fee of the land actually taken." The Court refused to give said request in charge, and plaintiff in error excepted.

The facts given above are sufficient for a full understanding of the decision of the Court.

WHITTLE and GUSTIN; ISAAC HARDEMAN, for plaintiffs in error, cited 13 Ga. R., 68; Code, sections 3003, 2808; Redfield on Railways, 270; 7 Watts and Serg., 236; 29 Ga. R., 100; 39 *Ib.*, 597. Grant of right of way, effect of: 30 Ga. R., 55; Code, sections 1940, 2673, 3131, 3133.

J. H. BLOUNT; WILLIAM McKINLEY, for defendant. Measure of damages: 30 Ga. R., 43; 17 *Ib.*, 30.

McCAY, Judge.

We are clear that this written agreement is not to be disposed of by the simple statement of the plaintiff that he had revoked it. Such a paper does not stand upon the footing

of a license. It is based upon a consideration, and when acted upon by the railroad is an executed agreement. Perhaps, if repudiated before the road was located, the repudiation might have been good; but after it has been *acted upon*, the road located upon the faith of it, it seems to us it would be a clear fraud to permit its repudiation. Doubtless, the plaintiff had a strong motive for signing such a paper. We all know how anxious men are to get railroads built through their neighborhoods, and how ready and anxious they are to hold out inducements to encourage their construction. So far as appears from the record, the railroad company, by locating the road as stipulated, has paid to the plaintiff the full contract value of the right of way over this land with its usual incidents. By the charter of the road the assessment by the commissioners is to be of the full value of the title to the land. This the plaintiff, the owner, has a right to recover, less the right of way. The measure of damages is the value of the land, less the right of way. Or the value of the land, so far as it has value, burdened as it is by the right of way, which already belongs to the railroad.

Judgment reversed.