# Coyne v. Warrior Southern Railway.

*Bill in Equity to enjoin Construction of Railroad.*

1. *Injunction; equity will enjoin unauthorized exercise of eminent domain.*—When a railroad company undertakes to appropriate private property for its use as a right of way without first condemning the sale, or paying compensation therefor, a court of equity will enjoin such a railroad company until compensation has first been paid to the owner, and this is

true without regard to any question of irreparable injury, or as to whether complainant had a remedy at law to recover the damages suffered.

2. *Railroad company; can convey right of way to connecting line.* A railroad company has authority under the statute (Code, § 1170), to convey a part of its right of way to a connecting line in aid of its construction.

3. *Same; validity of deed conveying right of way.*—Where a deed to a railroad company conveys "a right of way over a strip 100 feet wide" over and across certain lands specifically described, and under said deed said railroad company went into possession of the strip of land and designated its boundaries by stakes driven in the surface of the soil, said company acquired under the grant conveyed in said deed the title to the right of way designated.

APPEAL from the County Court of Tuscaloosa.

Tried before the Hon. JAMES J. MAYFIELD.

The appellant, Joseph Coyne, filed this bill of complaint in the Tuscaloosa county court against appellee, the Warrior Southern Railway Company, averring that the firm of Willard, Cornwell & Coyne, of which complainant was a member, acquired from the Tide Water Coal Company in 1900 certain rights to quarry on the lands described in the bill of complaint. The bill then avers that said firm had contracted to build a certain lock and dam in the Warrior river for the United States, and that complainant acquired all the interest of said firm in said contract with the United States and was completing the said lock and dam himself. The bill also avers that the respondent is a railroad corporation and has authority to acquire rights of way; that it was proceeding to construct a railroad over the lands described in the bill; that in so doing it had damaged complainant in various ways; that it had not condemned a right of way over said lands; and complainant prayed for a writ of injunction against respondent restraining it from further prosecuting its work on said lands. A temporary injunction was issued. The respondent filed an answer in which it was alleged that in May, 1898, the Tide Water Coal Company sold to the Mobile & Ohio Railroad Company, another railroad corporation char-

tered under the laws of Alabama, a right of way over the lands described in, the bill of complaint; that at that time the said Mobile & Ohio Company surveyed and located said right of way and by such survey and location selected and defined the strip to be sold it by said Tide Water Company and afterwards resurveyed said right of way; that the rights so acquired by the Mobile & Ohio Company were acquired long prior to the alleged contracts between the Tide Water Company and Willard, Cornwell & Coyne; that respondent, proposing to build a line of road to connect with that part of the Mobile & Ohio railroad, which had extended its line over only a part of the right of way so, acquired by it from the Tide Water Company, the Mobile & Ohio company conveyed to respondent the remaining portion of its right of way over said lands. The answer also alleged that the deed of the Tide Water Company to the Mobile & Ohio company was recorded shortly after its execution, and if complainant acquired any rights in the land he acquired them subject to the Mobile & Ohio company's right of way and with constructive notice of the deed conveying the same to it. The answer further alleged that the respondent had constructed its roadbed over all of said right of way except across a ravine which was several hundred feet wide, and from 12 to 25 feet deep, and that it was proceeding to put a trestle across this ravine, and, in fact had erected all its bents and completed it except the laying of the superstructure and track, when it was enjoined; that it did not go across the quarry of complainant, but that complainant had used the bottom of the ravine, at its deepest point, for a tram track and for a cutting yard; that respondent had not interfered with any of complainant's works except to shove aside out of the way a short unused tram track; and that the strip of land over which respondent was constructing its track was the identical right of way which the Mobile & Ohio company obtained from the Tide Water Company and conveyed to respondent. Copies of the deeds from the Tide Water Company to the Mobile & Ohio company, and from the Mobile & Ohio company to the respondent, were attached as exhibits to the answer. In the deed from the Tide Water Coal

·Company to the Mobile & Ohio company, the right of way conveyed was described as follows: "A right of way over a strip one hundred feet wide, that is extending 50 feet on each side of the center of the track, to be laid by said company, its successors and assigns, upon the road bed as at present located, and the extension thereof in the future, over and across the following real estate lying and being in the county of Tuscaloosa, to wit: N. 1-2 and N. E. 1-4 of Sec. 2, and N. 1-2 of N. W. 1-4 and N. 1-2 of N. 1-2 of Sec. 1, Township 21, Range 9, ·West."

The deed from the Mobile & Ohio company to the Warrior Southern Railway was in words and figures as follows: "This indenture made and entered into by the Mobile & Ohio Railroad Company, a corporation existing under and by virtue of the laws of the State of Alabama, party of the first part, and the Warrior Southern Railway Company, a corporation also existing under and by virtue of the laws of the State of Alabama, party of the second part witnesseth: That, whereas, the said party of the first party acquired from the Tide Water Coal Co. a right of way one hundred feet in width over and through the north half of the noreast quarter of Section 2, and the north half of the northwest quarter, and the north half of the northeast quarter of Section 1, all in Township 21, south, Range 9 West, in Tuskaloosa county, State of Alabama, by a deed executed on the 24th day of May, 1898, and recorded in the office of the judge of probate of Tuskaloosa county, in deed record number 46, page 243. And whereas, the said party of the first part has constructed its track upon and is utilizing only a portion of said right of way so acquired. And whereas, the Warrior Southern Railway Company has located the line of its road through a portion of the lands heretofore described, connecting with the present terminus of the Warrior branch of the Mobile & Ohio Railroad, more particularly hereinafter designated; Now, therefore, in consideration of the premises, and the sum of ——— dollars, paid to the said party of the first part by the said party of the second part, the receipt whereof is hereby acknowledged, the said party of the first part

grants, bargains, sells and conveys, and by this instrument doth grant, bargain, sell and convey to the said party of the second part, all that portion of the said right of way described in the said deed heretofore referred to, with all the rights and privileges appertaining thereto, being more particularly described as follows:" Then there follows a specific description of the right of way conveyed.

The respondent also filed several affidavits substantiating the averments of its answer, and showing that after the execution of the deed to the Mobile & Ohio Railroad it staked off a right of way and went into possession thereof. The respondents moved to dissolve the injunction upon the denials of the answer, and the evidence offered by it.

On the submission of the cause upon the motion to dissolve the injunction, the chancellor rendered a decree granting the motion and ordering the injunction dissolved. From this decree the respondent appeas, and assigns as error the rendition thereof.

A. S. VANDEGRAAFF, for appellant.—Equity will enjoin the taking of private property without prior compensation to the owner by a party authorized by law to exercise the right of eminent domain, with reference to the question of irreparable injury or the adequacy of legal remedies.—*Birmingham Traction Co. v. Birmingham R. & E. Co.,* 119 Ala. 137; *City Council of Montgomery v. Lemle,* 121 Ala. 609.

A railroad company, holding and retaining for itself a right of way conveyed to it or condemned by it for the purpose of building its own line of road, can not sell and convey to another and different road, a part of such right of way.—*East Ala. R'y Co. v. Doe,* 114 U. S. 351; *Fort Worth R'y Co. v. Jennings,* 13 S. W. Rep. 420; *Blakely v. Chicago, K. & N. R. R. Co.,* 51 N. W. 767.

Under the terms of the grant to the Mobile & Ohio R. R. Co. no title passed to the grantee to any specific strip one hundred feet in width beyond the terminus of the track actually laid by it. Beyond such terminus the owner of the soil is entited to all the rights, benefits and

privileges of ownership consistent with the easement of a general and undefined grant of a way across the tract of land for a future extension of the Mobile & Ohio R. R. if such should ever be made.—*Long v. Gill,* 80 Ala. 408.

J. MANLY FOSTER, *contra.*—The bill is without equity for that complainant was not individually the owner of the contracts with the Tide Water Coal Company. Said contracts, so far as the bill shows, were owned by Willard, Cornwell & Coyne, a partnership, and complainant could not sue in his own name in reference thereto.—1 Lindley on Partnership, 454; 4 Mayfield's Dig., 404, §. 27, and authorities there cited; 17 Am. & Eng. Ency. of Law, 944; *Ib.* 1236; 15 Ency. Pl. & Pr., 988 *et seq.*

The bill is without equity for that Coyne had no interest in the land, the right created by his contract being only a license.—*Shepard v. McCalmont Oil Co.,* 38 Hun. (N. Y.), 38; *Silsby v. Trotter,* 29 N. J. Eq. 228; *Wheeler v. West,* 71 Cal. 126.

The only equity of the bill is the allegation that appellee was using the land for a right of way without having lawfully acquired the right to do so. The answer and exhibits completely and successfully deny the equity and the injunction was properly dissolved on the denials of the answer.—*Turner v. Stephens,* 106 Ala. 546; *Hartley v. Mathews,* 96 Ala. 224; *Mortgage Co. v. Powell,* 97 Ala. 489.

The conveyance by the Mobile & Ohio Railroad Company which bought and located the right of way over the lands in dispute nearly two years prior to the date of the contract between the Tide Water Coal Company and Willard, Cornwell & Coyne, to appellee, was a lawful conveyance and vested the right of way in appellee. Code, § 1163, subdivision 3; Code, § 1170; *Kelley v. Trustees,* 58 Ala. 496; *Gardner v. Mobile, etc. R. R. Co.,* 102 Ala. 635; *Purifoy v. Lamar,* 112 Ala. 123; *Branch v. Jessup,* 106 U. S. 468; 19 Am. & Eng. Ency. Law, 808, 809, 810.

TYSON, J.—The bill in this cause seeks to enjoin the respondent from constructing its railroad along and across certain described lands in which the complainant asserts an interest. The equity of the bill rests upon the allegations of an interest owned by complainant in the lands and the attempted taking by respondent for public use without first making just compensation therefor. If it be conceded that complainant is shown to have such an interest in the lands as could be condemned by the respondent railroad company, then the equity of the bill is beyond cavil; and this is true without regard to whether the injury would be irreparable or the remedy at law to recover the damages suffered would be adequate or inadequate.—*Birmingham Traction Co. v. Birmingham Railway & Electric Co.,* 119 Ala. 129, and cases cited. As to whether the complainant has such an interest, under the view we take of the case, it unnecessary to decide, since the decree of the court dissolving the injunction on motion of respondent was correct, because whatever his interest may be, it was subordinate to the rights of the respondent. In other words, he acquired no property rights in the right of way as against the respondent. This is clearly shown by the answer and the affidavits submitted in support of the motion. To see that this is so, we have only to point out that in May, 1898, nearly two years prior to the execution of the contract under which the complainant claims to have acquired his right to quarry rock upon the land along and over the right of way of the respondent, the owner of the land, from which he acquired his rights, had conveyed by deed, which was recorded, this right of way to the Mobile & Ohio Railroad Company who went into possession of it, and designated its boundaries by stakes driven in the surface of the soil. And these monuments marked the boundary of the right of way, when the complainant entered upon it. Subsequently that company conveyed by deed, its interest to this respondent, and it is under and by virtue of this conveyance that it claims the right to construct its road bed, etc. without paying any compensation to the complainant. It is insisted, however, that the respondent acquired no rights under this deed, because the Mobile & Ohio Rail-

road Company was without authority to sell and convey to another and different road, a part of its right of way. Whatever may have been its power in this respect, prior to the passage of the act of February 11th, 1891, now constituting section 1170 of the Code, it is clear. that it may now convey it to a connecting line in aid of its construction. Such was the attitude of the two railroad companies with respect to each other.

We do not construe the opinion in *Long v. Gill*, 80 Ala. 408, cited and relied upon by appellant's counsel, as deciding that Long did not acquire under the grant to him the right of way. The court distinctly held the contrary. Indeed, that case is an authority against the contention of appellant that the deed to the Mobile & Ohio Railroad Company passed no title to the easement conveyed by it. See also *Ala. Midland R. Co. v. Brown*, 98 Ala. 647; *Burrow v. Terre Haute & L. R. Co.*, 107 Ind. 432; *Conwell v. The Springfield & N. W. R. Co.*, 81 Ill. 232; *Ross v. C., B. & Q. R. Co.*, 77 *Ib.* 127; *Onthank v. Lake S. & M. S. R. Co.*, 71 N. Y. 194; *Warner v. Railroad Co.*, 39 Ohio St. 70; *V. & M. R. Co. v. Barrett*, 67 Miss. 579; *Macon & A. R. Co. v. Bowen*, 45 Ga. 531; *Pa. R. Co. v. Holcroft*, 173 Pa. St. 496; *Olive v. Sabine & E. T. R. Co.* 11 Tex. Civ. App. 208.

Affirmed.