[Southern Ry. Co. v. Hays, et al.]

# Southern Ry. Co. *v.* Hays, *et al.*

*Bill to Enjoin the Taking of Property before Just Compensation Made.*

(Decided April 9, 1907. 43 So. Rep. 487.)

1. *Eminent Domain; Injunction.*—A bill will lie to enjoin the taking of property under the power of eminent domain until just compensation is made, without reference to the solvency or insolvency of the party exercising the right, and without reference to the adequacy or inadequacy of legal remedies.

2. *Deeds; Construction; Right of Posthumous Children.*—A deed which conveyed certain lands, "to H. and her two children B. and C., and any succeeding heirs of her body, * * * to have and to hold to H. and her children and their heirs and assigns forever," conveyed the land to H., her children then living and those born to her after the execution of the deed.

3. *Adverse Possession; Color of Title; Defective Deed.*—Although the deed may have been defective under which defendants claim, by reason of not being joined in execution by the grantor's husband, yet it was color of title, and if complainants were in possession of the lot and held it as their own under the deed for ten years, or longer, prior to defendants trespass, complainants have title thereto.

4. *Equity; Pleading; Demurrers.*—Where the objection sought to be raised by a demurrer goes to only one paragraph of the bill, and the demurrer is interposed to the bill in its entirety such demurrer is properly overruled.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Fannie Hayes and others against the Southern Railway Company. From a decree for complainants, defendant appeals. Affirmed.

This was a bill exhibited by Fannie Hayes, and Clifton, Bessie, Stella, Walter, Minnie, Arthur, Lucile, and Memory Hayes, by Fannie Hayes, next friend, against the Southern Railway Company. The allegations of the bill are that the complainants have been the owners

in fee simple of a certain parcel of ground in the city of Decatur which abuts on the southeastern side of a cut or depression in which is located a part of the line of railway of respondent. The said strip or parcel of land is described in the deed which is attached to the bill as an exhibit, and it is averred that complainants are the owners in fee of all of said lot inclosed within the fence hereinafter referred to; that there is and has been for many years on said lot a building, now used as a dwelling house and formerly used as a hotel or house of entertainment, which sets back some 10 or 20 feet from the edge of the cut, and along or near the southeastern side of the property, and upon the top of said cut there was, and had been for more than 20 years, a line of fence which had been maintained by complainants and their predecessors in title; that on the 5th day of September, 1906, while complainants were so in possession of said real estate and while occupying the same as a home, sundry and divers agents, employes, or contractors of the defendant railroad company entered upon that part of the said real estate next and nearest to said cut, and without the consent of the complainants, or any of them, demolished and removed all of said fence, cut down one of the shade trees in the yard, and tore and removed a portion of the surface of said real estate, which constituted a part of the yard of the aforesaid dwelling house, and very near to some houses on said property occupied by tenants of complainants; that the strip of ground upon which said depredations were committed was about 6 feet in width at the south end and about 10 feet wide at the north end, and extending across said property the length of about 150 feet; that during the depredations aforesaid, complainants protested and expostulated, but without avail with said agents, etc., and complainants believe and fear that they will continue their work of grading and excavating along the whole length of the lot, and cut it down so as to conform to the grade now existing at the bottom of the cut. It is alleged that the value of the property and the damages growing out of the trespass will not exceed $1,990, and the complainants will not claim more

than that. It is alleged that the respondent is a railway corporation, with the right of eminent domain, and has not paid, or tendered or offered to pay, complainants anything in compensation for the depredation. It is further alleged that all the complainants, except Fannie Hayes, Clifton Hayes, Bessie Hayes, and Thomas Hayes, are children of Fannie Hayes, born after the execution of the deed made an exhibit to the bill. It is alleged that the defendant, in doing the wrong complained of, was preparing and undertaking to add to its line of railway a side track, or to move its present track, and thus was undertaking to subject this property to its uses and purposes as railway company property, and thus was seeking to take the private property of complainants without condemnation and without paying therefor. The prayer was for a temporary injunction against the further depredation upon the property for any purpose, and at the final hearing a permanent injunction for the same purpose, and for damages for depredations already committed. There were demurrers to the bill, pointing out that there was a plain and adequate remedy at law; that it did not appear that defendant was insolvent; that it appeared that none of the complainants, save Fannie Hayes, Bessie Hayes, and Clifton Hayes, had any interest in or title to said property, and therefore the complainants were not jointly entitled to maintain the bill; that it appeared that the deed was void, not having been separately acknowledged by Winnie Parker. There was also motion to dismiss the bill for want of equity, and to dissolve the temporary injunction for want of equity in the bill, all of which were overruled. The habendum clause in the deed is sufficiently set out in the opinion of the court. The chancellor overruled the motion to dismiss and the demurrers, and refused to dissolve injunction.

HUMES & SPEAKE, for appellant.—The complainant has a plain and adequate remedy at law and the first four grounds of demurrer, the motion to dismiss for want of equity and to dissolve the injunction should have been sustained and granted.—*Denniss v. M. & M. R. R.*

Co., 137 Ala. 649. An injunction will not lie to prevent a trespass such as alleged in this bill.—*Deegan v. Neville,* 127 Ala. 471; *H. A. & B. Ry. Co. v. B. U. Ry Co.,* 93 Ala. 505. As to adverse possession see *Bolling v. M. & M. Ry. Co.,* 128 Ala. 556; *Robinson v. Allison,* 124 Ala. 325; *Wilkinson v. Lehman,* 136 Ala. 468; 1 Cyc. p. 2001; 1 A. & E. Ency of Law, p. 842. As to presumptions, see 22 A. & E. Ency of Law, pp. 1238-1241 and 1244. As to the construction of the deed made in exhibit to the bill, see *Wilson v. Alston,* 122 Ala. 630; *Slayton v. Blount,* 93 Ala. 575. Winnie Parker, who conveyed the land to Hayes and others, was the mother of Fannie Hayes, and the deed itself mentions the property as her homestead. Under such circumstances, she is presumed to be married, and having been married, the presumption is that her husband was living at the time of the execution of the deed. If the land was hers, the husband should have joined. If the land was the husband's she should have acknowledged the same separately.

E. W. Godby, and Brown & Kyle, for appellee.—No brief came to the Reporter.

TYSON, C. J.—The bill in this cause is exhibited to secure to the complainants the constitutional guaranty of "just compensation" to be paid before their property shall be taken, injured, or destroyed by the respondent, which is empowered with the right of eminent domain under the laws of this state. The right to maintain such a bill, without regard to the solvency of the respondent or the adequacy or inadequacy of legal remedies, has been too fairly established by the decisions of this court to now admit of serious discussion.—*Birmingham Traction Co. v. Birmingham Railway & Electric Co.,* 119 Ala. 129, 24 South. 368; *Mobile & Montgomery Ry. Co. v. Ala. Midland Ry. Co.,* 123 Ala. 145, 26 South. 324; *City Council of Montgomery v. Lemle,* 121 Ala. 609, 25 South. 919; *Niehaus v. Cooke,* 134 Ala 223, 32 South. 728; *Coyne v. Warrior Southern Ry.,* 137 Ala. 553, 34 South. 1004.

The deed from Winnie Parker to "Fannie Hayes and her two children, Bessie Thomas (Hayes) and Clifton Hayes, and any succeeding heirs of her body," to the lot a portion of which was being appropriated by the respondent, does not, as is contended by appellant, exclude the right of the after-born children of Fannie Hayes, who are also made complainants to the bill, to an interest in the property. If there were no other words in the deed indicative of an interest on the part of the grantor that after-born children of Fannie Hays should take as tenants in common with their mother, Bessie Thomas, and Clifton, than the words "any succeeding heirs of her (Fannie's body,") we would perhaps be constrained to hold that these words are words of limitation, and not of purchase, and that such after-born child would take nothing under the deed.—*Slayton v. Blount*, 93 Ala. 575, 577, 9 South. 241. But when these words are construed in connection with the habendum clause in the deed, to wit, "To have and to hold to Fannie Hayes and her children and their heirs and assigns, forever," we are of the opinion that the grantor used the words first above quoted as meaning children. In other words, it was her intention to give the lot to Fannie and her children then living and those that may be born to her after its execution.—*Sullivan v. McLaughlin*, 99 Ala. 60, 11 South. 447; *Campbell v. Noble*, 110 Ala. 382, 19 South. 28; *Watson v. Williamson*, 129 Ala. 362, 30 South. 281; *Findley v. Hill*, 133 Ala. 229, 32 South. 497.

Conceding, without deciding, that the presumption will be indulged that the deed is void because its execution was not joined in by the husband of Winnie Parker, it being further presumed that she had a husband at the date of its execution, it is certainly color of title; and if the complainants are in possession of the lot, and have held it as their own under the deed for 10 years or longer prior to the trespass by defendant, they have the title to it.

This disposes of the motion to dismiss and all the grounds of demurrer insisted upon adversely to appellant, except the seventh. As the objection sought to

[Southern Railway Company, et al. v. Hartshorn, et al.]

be raised by it goes only to the averments of paragraph 11 of the bill as amended, and as the ground was interposed to the bill in its entirety, it was properly overruled.—5 May. Dig. p. 345.   But, aside from this, we find no such repugnancy in paragraph 11 as is attempted to be raised by it.

The decree appealed from must be affirmed.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.