(88 South. 646)

HIGDON v. LEGGETT et al. (8 Div. 285.)

(Supreme Court of Alabama. April 7, 1921.)

**1. Deeds ☞105—Deed to married woman and named children, also in trust for after-born children, an express conveyance to each grantee.**

A conveyance to a married woman and her named children, also in trust for such children as might be born of the woman, the habendum clause providing the land was to .be held by the parties of the second part and their heirs forever, and also in trust for such children as might be born of the woman, did not limit the interest of the grantee woman to a life estate, and as trustee for the named children as remaindermen, being an express conveyance to each grantee jointly and in fee simple, subject to have their respective interests diminished by subsequently born children, for whom title was to be held in trust by the existing grantees.

**2. Deeds ☞105—Husband's deed to wife and children to be born of her included children of subsequent marriage.**

A husband's deed conveying land to his wife and her named children, also in trust for such children as might be born of the wife, conveyed to all children to be born to the wife, including those of a subsequent marriage after her husband's death.

**3. Partition ☞77(4)—Where bill averred land could not be divided, and answer admitted averment, and proof established it, the decree of sale for division must be affirmed.**

Where bill to sell land for division among joint owners averred the land could not be equitably divided between the owners, and that a sale would be to the interest of the minor owners, which averment was admitted by the answer and established by the proof, decree of sale for division must be affirmed.

Appeal from Circuit Court, Colbert County; E. J. Garrison, Judge.

Bill by Irene Leggett, as administratrix and in her individual capacity, and others, against Lula Mae Higdon and others, to construe a deed, and to sell land for division among joint owners. From a decree holding that the children of Jane M. Leggett by her first husband, Samuel J. Leggett, Sr., were entitled to share in the distribution only, Lula Mae Higdon, a child of Jane M. Leggett by her second husband, appeals. Affirmed in part, and in part reversed and remanded.

The bill alleges that Samuel J. Leggett, Sr., and Jane Higdon were husband and wife when the land was bought and paid for, and that the intention was to include only the children then in being and after-born children of the wife by her then husband, Samuel J. Leggett, Sr. The deed referred to is as follows:

"This indenture made and entered into this the 20th day of February, in the year of our Lord one thousand eight hundred and seventy-two (1872) between Mrs. Josephine Prewitt and Richard Prewitt, her husband, all of the county of Lawrence and state of Alabama, of the first part, and Mrs. Jane M. Leggett, and her children, Ada E. Leggett, George M. Leggett, Emma B. Leggett, and Samuel L. Leggett, Jr., and also in trust for such children as may be born of said Jane M. Leggett. The children above named are minors, and children of Samuel J. Leggett, Sr., of the county of Colbert and state of Alabama, of the second part, witnesseth: That the party of the first part, for and in consideration of five hundred and twenty-five dollars ($525.00) to said Josephine paid by the party of the second part, the receipt whereof is hereby acknowledged, hath given, granted, bargained, sold and conveyed and by these presents do give, grant, bargain, sell, convey and confirm unto the party of the second part, and their heirs, in fee simple forever a certain tract or parcel of land situated, lying and being in the county of Colbert and state of Alabama, known and described as follows: [Here follows description of land by metes and bounds.]

"To have and to hold the above-described land and premises, together with all and singular the rights and privileges, buildings, improvements, appurtenances of, in or to the same, belonging or in any wise appertaining unto the party of the second part, and their and each of their heirs, forever, and also in trust for such children as may be born of said Jane M. Leggett. And the party of the first part for herself (Josephine) and her heirs, executors and administrator does hereby covenant to and with the party of the second part, and their heirs, that she (Josephine) is lawfully seized in fee of the aforesaid, and that she will forever warrant and defend the title and quiet possession of the aforesaid land and premises, and every part thereof, unto the party of the second part, against the right, title, interest or demand of all and every person whomsoever to said vendees who are to hold the same in fee simple to and for themselves and such children as may be born of the body of Mrs. Jane M. Leggett.

"In testimony whereof the party of the first part have hereto set their hands and affixed their seals, the day and year first above written; said Richard acting with his wife to sanction the same, according to the statutes in such cases made.

"Richard Prewitt.     [Seal.]
"Josephine Prewitt.  [Seal.]"

E. W. Godbey, of Decatur, for appellant.

Construing the deed according to its meaning, the children of Mrs. J. M. Leggett by a succeeding husband were entitled to share. 119 Ky. 777, 82 S. W. 622; 113 Md. 360, 78 Atl. 58, 140 Am. St. Rep. 414; 150 Ala. 212, 43 South. 487.

Kirk & Rather, of Tuscumbia, for appellees.

The trial court properly construed the deed. 163 Ala. 401, 51 South. 11; 160 Ala. 276, 49 South. 312; 154 Ala. 109, 44 South. 867.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ANDERSON, C. J. [1] The deed in question, by the granting clause, conveys the land to "Mrs. Jane M. Leggett and her children, Ada E. Leggett, George W. Leggett, Emma B. Leggett, and Samuel J. Leggett, Jr., and also in trust for such children as may be born of said Jane M. Leggett." The habendum clause provides that said land is to be held, etc., by the parties of the second part and their heirs forever, and also "in trust for such children as may be born of said Jane M. Leggett." The warranty is to the parties of the second part, "to and for themselves and such children as may be born of the body of Mrs. Jane Leggett." There is nothing in this deed limiting the interest of Mrs. Leggett to a life estate and trustee for the named children as remaindermen, as it is an express conveyance to each of the grantees jointly and in fee simple, but subject to have their respective interests diminished by subsequently born children, and for whom the title is to be held in trust by the existing grantees. Southern R. Co. v. Hays, 150 Ala. 212, 43 South. 487. Indeed, the trial court held that Mrs. Leggett and the other named grantees took as joint owners of the entire estate, but excluded the after-born children of Mrs. Leggett by a subsequent marriage upon the evident theory that Col. Leggett paid for the land, and did not intend that it was to be enjoyed by any of the children of his wife other than those of his blood, and, in effect, construed the deed as including only the children of Mrs. Leggett begotten by her then husband, Col. Leggett.

[2] Considering the deed upon its face, it plainly, without technicality or ambiguity, provides for all children who may be born of the body of Mrs. Jane M. Leggett, whether by a present or future marriage; and, standing alone, as a conveyance from strangers, there can be no difficulty whatever in giving it its plain and simple meaning of including all children to be born to Mrs. Leggett, including those of a subsequent marriage. On the other hand, should we concede the contention that Col. Leggett paid for the land and had it conveyed, we have nothing to overcome the plain terms of the deed by interpolating after the words, "children to be born of the body of Mrs. Leggett," the words, "begotten by her then husband, Col. Leggett." We have nothing to counteract the manifest meaning of the words used except the mere inference that it was unnatural for Col. Leggett to have not confined his generosity to the children of his own blood. Such action may appear unnatural, but is by no means unprecedented or prohibited, and, unaccompanied by facts or circumstances evincing a contrary intent, will not of itself overturn the plain meaning of the words employed. If Col. Leggett paid for the land, and was a donor to his wife and children,

presumptively, he gave directions as to the conveyance, and that it was read over by him, and would have detected the omission in three separate places in the deed to confine its operation to the after-born children by him begotten. The omission does not appear to be unintentional, and cannot be ascribed to the use of technical terms or ambiguous language adopted by an unskilled scrivener. As was well said in the opinion of the Kentucky court in the case of Pettit v. Norman; 119 Ky. 177, 82 S. W. 622:

"* * * While it is not customary for a father to voluntarily permit one who is a stranger to his blood to share with his children in his bounty, he may do so if he choose, and the fact that it is unusual will not, per se, authorize a court to disregard the plain meaning of the words in the deed conferring such bounty. It is not made to appear that the grantor did not understand the legal meaning and effect of the words 'her children' as used in the deed. The words themselves are free from ambiguity, and there are no other words in the instrument that conflict with them, or throw any doubt upon their meaning; nor is it intimated that, at the time of making the deed, the grantor was deceived or misled, or that he was subject to any undue or improper influence. It must be presumed, therefore, that the instrument in all its parts expresses the intention of the grantor."

The trial court erred in holding that the deed did not include the children of Mrs. Leggett by a subsequent husband and is, to this extent, reversed, in order that the proceeds of the sale of the land may be distributed in conformity with this opinion.

[3] The bill, by paragraph 11, avers that the lands cannot be equitably divided between the joint owners, and that a sale of same will be to the interest of the minors, and this averment was admitted by the answer and established by the proof, and the decree of the circuit court in all respects, except as heretofore noted, must be affirmed.

Affirmed in part, and reversed and remanded in part.

SAYRE, GARDNER, and MILLER, JJ., concur.