(94 South. 359)

HIGDON v. LEGGETT et al. (8 Div. 391.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Evidence ⬥419(2)—Parol evidence to invest conveyance with character of deed of gift held inadmissible.

Where deed to a married woman and to any children born to her was in form a deed of purchase, reciting a valuable consideration moving from the grantee, parol evidence held inadmissible to show that grantee's husband paid the consideration, so as to render the land a "gift" within Code, § 3758, the inheritance of which would be restricted to the blood of the husband, excluding children of the grantee, after his decease, by her second husband.

2. Evidence ⬥226(1)—Statements by grantee wife after deed to her became effective held inadmissible as affecting children's rights.

Where deed to a married woman and to any children born to her was in form a deed of purchase, reciting a valuable consideration moving from the grantee, but it was claimed that her husband paid the consideration so as to render the land a gift within Code, § 3758, the inheritance of which would be restricted to his blood, excluding her children, after his decease, by her second husband, held, that her statements after the deed was effective were inadmissible, even though made while she was in possession of the land, as she was, in effect, a tenant in common with her children by her two husbands and no such declaration in derogation or qualification of the rights and titles of any of her children could prejudice the right or title of any co-owner.

3. Descent and distribution ⬥14—Whether estate is ancestral determinable by legal title.

The rule that whether an estate is ancestral or otherwise is determinable by reference to the legal title, and not to the equitable interest or title, is not changed by Code, § 3758.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Bill by Irene Leggett and others against Lula Mae Higdon and others, for the sale of lands for division. From a decree ordering distribution of the proceeds of the sale, respondent Lula Mae Higdon appeals. Reversed and remanded.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jackson & Deloney, of Tuscumbia, and E. W. Godbey, of Decatur, for appellant.

A party or privy cannot prove a different consideration from that expressed in a deed if thereby the legal effect of the deed is varied. 72 Ala. 286; 62 Ala. 579; 70 Ala. 315; 71 Ala. 91; 66 Ala. 532; 76 Ala. 298; 58 Ala. 303, 29 Am. Rep. 748; 59 Ala. 283; 66 Ala. 151; 45 Ohio St. 77, 12 N. E. 531.

Kirk & Rather, of Tuscumbia, for appellee.

The statement of Jane M. Leggett to witnesses that Col. Leggett bought and paid for the land was an admission against interest, and admissible. 127 Ala. 445, 30 South. 61; 176 Ala. 48, 57 South. 483; 118 Ala. 563, 23 South. 798. Admissions made by Jane M. Leggett in disparagement of her claim are admissible against her and those in privity with her. 200 Ala. 210, 75 South. 968; 187 Ala. 579, 65 South. 928; 195 Ala. 457, 70 South. 254. An ancestral estate may be traced to remote ancestors; and the half-blood is excluded from participation in the property. 18 C. J. 818; Code 1907, § 3758.

McCLELLAN, J. [1] This bill was filed by Irene Leggett and others against Lula Mae Higdon and others, seeking the sale for division of some 20 acres of land near the town of Leighton, Ala. The relative rights and interests of the parties in the land depend upon the legal effect of the deed (of date February 20, 1872) set out in the report of the former appeal of Higdon v. Leggett, 205 Ala. 437, 88 South. 646. It was then decided, in adjudicated absence of ambiguity in the terms of the instrument, that the deed constituted grantees therein the children of Mrs. Jane M. Leggett born to her, after the death of Colonel Leggett, during her second marriage with Z. T. Higdon. Upon further proceedings in the cause—following reversal here of the decree then under review—it was asserted in behalf of the children of the representatives of children of the marriage of Col. and Mrs. Leggett, grantees in the deed, that the provisions of Code, § 3758 (to be quoted), were applicable to exclude the Higdon children, born of the second marriage of Jane M. Leggett, or their descendants, from succeeding to appropriate proportionate shares through inheritance consequent upon the decease of their half-brother and half-sister, viz. Samuel Leggett, Jr., and Ada Leggett, the former dying in infancy in 1873, and the latter in 1912. Col. Leggett died in 1873. His widow married Higdon in 1875, and died in 1904. The court below accepted the view that the statute (section 3758) applied and thereupon denied the half-blood (the Higdon children) of Samuel Leggett, Jr., and Ada Leggett, both long since deceased, the benefit of inheritance from Samuel and Ada Leggett.

The statute, Code, § 3758, reads:

"There is no distinction made between the whole and the half blood in the same degree, unless the inheritance came to the intestate by descent, devise, or gift from or of some of his ancestors; in which case all those who are not of the blood of such ancestor are excluded from the inheritance as against those of the same degree."

On the hearing resulting in the present decree of distribution of the proceeds of the sale, the appellees (complainants) were permitted, notwithstanding objections, to introduce the parol testimony of several witnesses with the design of establishing that the land in question was imprest with the character of "an ancestral estate" in the person of Col. Leggett, the father of the first set of children by Jane M. Leggett (later Higdon); that Col. Leggett, himself, paid the consideration for the conveyance to Jane M. Leggett; and that the land was, in this way, the subject of a gift within Code, § 3758, which, if true, was so governed by the provisions of that statute as to restrict the inheritance from Samuel Leggett, Jr., and Ada Leggett to the blood of their father, Col. Leggett, excluding the Higdon children, who are of the blood of the common mother, Mrs. Leggett-Higdon. The conveyance, as construed on former appeal, is a deed of purchase, reciting a valuable consideration moving from the grantee, then Mrs. Leggett. To admit parol evidence with the design and with the effect of attributing to it the quality of a deed of gift, rather than a deed of purchase, would offend the rule which forbids the acceptance of parol evidence to alter, vary, or contradict the operation of an instrument of this character. Upon a similar question arising in quite similar circumstances, where the named grantee and recited payer of the consideration was Lillian E. Holbrook, the Ohio court, in Patterson v. Lamson, 45 Ohio St. 77, 89, 12 N. E. 531, 534, thus aptly pronounced:

"It is this recital which, more than any other in the deed, imparts to it the character of a deed of purchase, as distinguished from a deed of gift from one whose name nowhere appears in it. Here is a deed which, upon its face, justifies but one construction; that it is a deed of purchase from Sked to Lillian E. Holbrook. To say that it is not contradicting its recitals to prove that in fact it is a deed of gift from one who is not named in it to the grantee, is a theory which we are not prepared to adopt. That the consideration clause of the deed may not, in any case, be contradicted, we are not called upon to declare. In many cases —in fact in most cases—the consideration recitals in a deed have little or nothing to do with the effect of a deed, or with the title conveyed. But in the case at bar, how can it be said that these recitals have no relation to the effect of the deed, or the nature of the title conveyed? While it may be said that the quality of real estate as ancestral or non-ancestral property, is never inherent in the estate itself, it does

not follow that the character of a deed, as a deed of purchase or a deed of gift, has no relation to the quality of the estate as ancestral property or otherwise. The character of the deed as a deed of purchase or a deed of gift was determined at the time it was made and delivered. How can it be said that the form of the deed, as respects its recitals of consideration, can have no effect upon the kind of estate it conveyed, when the one question which has so long protracted the contention in this case, is whether the deed was a deed of gift or of purchase?"

The principle's application in this jurisdiction in Ohmer v. Boyer, 89 Ala. 273, 279, 7 South. 663, and Hubbard v. Allen, 59 Ala. 283, 296–297 (among others), confirms the observations made and the conclusion enforced in the quoted deliverance of the Ohio court. The design of the testimony indicated was not to determine a permissible inquiry into the consideration but was to have ascribed to the deed such an effect or operation as would subject its subject-matter to the control of the statute, Code, § 3758—to invest the instrument with a character and a quality materially different from that it purported on its face to be. The testimony indicated was inadmissible for any purpose.

[2] The statements the witnesses recited as being made by Mrs. Leggett-Higdon, after the deed was effective, were likewise inadmissible, even though made while she was in possession of the land. She was, in effect, a tenant in common with her children by the two husbands. No declaration of hers, of the kind offered, in derogation or qualification of the rights and titles of any children borne by her could prejudice the right or title of any one or more of the co-owners. 38 Cyc. p. 101 et seq.

[3] Whether an estate is ancestral or otherwise is determinable by reference to the legal title, not to the equitable interest or title. 18 C. J. pp. 817, 818, noting many authorities supporting the text; Patterson v. Lamson, supra. Our statutes, including Code, § 3758, have not changed that doctrine.

According this deed the effect affirmed of it on former appeal (205 Ala. 437, 88 South. 646) viz. that it was a conveyance of legal estate in the land by the Prewits to Jane M. Leggett and to any children born to her, it is a necessary consequence that Col. Leggett, in whom complainants would found an ancestral estate, never held the legal title to the real estate in question; and hence that the ancestral estate thus asserted at no time existed. The statute (Code § 3758), therefore, is without application. No distinction between the whole and half blood relatives of Samuel Leggett, Jr., deceased, and Ada Leggett, deceased, should be made. The distribution of the estates of the deceased half-brother and half-sister should be effected without regard to such partial relationship to the children or

their descendants of the second marriage of the common mother.

The decree is reversed, and the cause is remanded for further proceedings in accordance with the conclusions set down in this opinion.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.