<em>Judgment for the defendant.</em>

---

### ELIJAH PARKER, *Petitioner, vs.* ZADOCK NIMS *et a.*

*A.* died seized in fee of land, which had descended to him from his father, leaving uncles and aunts on his father's and on his mother's side, who were the next of kin, and also children of a deceased aunt.—It was held that the land descended in equal shares to the uncles and aunts on both sides, but nothing descended to the children of the deceased aunt.

THIS was a petition for partition of certain real estate, in which the petitioner alleged that he was seized of two eighth parts of the land as tenant in common with *Zadock Nims* and others, and prayed partition.

The case was submitted to the decision of the court upon the following facts. One *David Nims*, being seized of the land mentioned in the petition, conveyed the same to his son *Alpheus Nims*, upon whose death the same descended to his son *George Nims*, who entered and became seized as the law requires, and remained seized until the year 1818, when

Parker
*vs.*
Nims.

he died, leaving no father, mother, brother, or sister, or children ; but leaving five uncles and aunts on his father's side, and three uncles and aunts on his mother's side, and several children of a deceased aunt on his father's side. The petitioner claimed the shares of an uncle and an aunt on the mother's side.

*By the court.* Our statute of February 3, 1789,(1) enacts, that " where there are no children or child of the intestate, " the inheritance shall descend equally to the next of kin, " in equal degree, and those who represent them. No person " to be admitted as a legal representative of collaterals be-" yond the degree of brothers' and sisters' children." It is very clear that the children of the deceased aunt take nothing in this case. They are beyond the degree of brothers' and sisters' children. 1 *Pierre Williams* 593, *Bowers vs. Littlewood.—Lovelass on Wills* 77. It is equally clear, that the uncles and aunts on the mother's side are in this case as well entitled to a share as those on the father's side. Our statute of descents is copied, in substance, from the English statute of distributions ;(2)and we never look to the source whence the estate was derived, to determine who shall inherit, except in cases where our statute has made that circumstance material. 1 *P. Williams* 53.—*Lovelass on Wills* 80. We are therefore of opinion, that the petitioner is entitled to two-eighth parts of the land.

(1) 1 N. H. Laws 207.

(2) 22 and 23 Car. 2. c. 10.