NEWTON W. GRANTHAM ET AL. *v.* SARAH STATHAM ET AL.

DESCENT AND DISTRIBUTION. *Collaterals.   Uncles.   Aunts.   Cousins.*
Code 1892, § 1543.

> Where an intestate decedent left surviving uncles and aunts, and
> cousins the descendants of aunts, who had died in his lifetime,
> the uncles and aunts inherited his property to the exclusion
> of the cousins, under Code 1892, § 1543, providing, in case of
> collaterals inheriting, that there shall not be any representa-
> tion among them except among the descendants of the brothers
> and sisters of the intestate.

FROM the chancery court of Grenada county.
HON. JAMES C. LONGSTREET, Chancellor..

Grantham, and others, appellants, were complainants in the court below; Mrs. Statham and others, appellees, were defendants there.

One Green died in June, 1900, intestate. He was unmarried and left no father or mother, or brother or sister, surviving him, or descendants of them. Complainants are the descendants of aunts of the deceased Green who died before he did. Defendants are aunts and uncles, and descendants of aunts and uncles, who were living when he died. Green, at the time of his

death, was the owner of some lands in Grenada county. Complainants filed the bill to have the lands that belonged to said Green, at his death, sold for partition, making the appellees parties defendants. The defendants answered the bill, admitting most of the facts set up by appellees, but denying that complainants had any interest in the lands. From a decree in defendants' favor, complainants appealed to the supreme court.

*E. B. Harrell,* for appellants.

The question is, who are the next of kin? Counsel for the appellees contend that the heirs or uncles and aunts who died prior to the death of Green, do not inherit, but only uncles and aunts, and their heirs, who were living at the death of the intestate can take as the next of kin. We do not think this. The statute means the nearest by blood or relation.

Referring to 2 Story Eq. Jur., § 1065 *b,* we find the following language: "The words next of kin, used in a deed or will, mean not nearest of kindred, but those relations who share in the estate according to the statute of distribution, including those claiming *per stirpes* or by representation.

We rely upon the case of *Golet* v. *Ognen,* 43 Barb., 147; s. c., 28 How. Pr., 417.

*William C. McLean,* for appellees.

The statute on the subject is so plain, clear and specific that no room for argumentation is left. The decedent Green left neither child nor descendants of a child, nor brothers or sisters, or descendants of them, nor father or mother, consequently, under Code 1892, § 1543, the estate descended in equal parts to the next of kin of the intestate in equal degree computing by the rules of the civil law. Who are the next of kin of the intestate in equal degree, the uncles and aunts or the first cousins? Complainants, who are first cousins, are in the fourth degree, while the defendants, who are the uncles and aunts and descendants, are in the third degree. The mistake which appellants

make is in going upon the idea that in determining who are the next of kin, no consideration is taken of the date when the land descends. The intent of the legislature, as expressed in the statute is, that those who are next of kin at the date of the death of the intestate shall inherit. The statute says, there shall not be any representation among collaterals, except among the descendants of the brothers and sisters of the intestate. Now, in order for the complainants to have inherited any part of this estate, they must do so by representation among collaterals, but the statute expressly excludes representation among collaterals. *Hickey* v. *Deloach,* 1 Howard (Miss.), 32, throws some light on this question.

TRULY, J., delivered the opinion of the court.

Section 1543 of the code of 1892 establishes a perfectly plain rule of inheritance. By it the right of representation is accorded, among collaterals, only to the descendants of brothers and sisters of the intestate. But among more remote relatives the closest in degree take, as a class, per capita, to the exclusion of all others. The rule is accurately stated in 24 Am. & Eng. Enc. of Law (1st ed.), p. 384, as follows: "It is only in a very few states that the right of representation does not seem to be restricted, but to extend to descendants of collateral relatives generally. In some states, by express provisions to that effect, no representation is admitted among collaterals after brothers' and sisters' children; and in other states this right is restricted to the decendants of brothers and sisters. The effect of these provisions is to limit or qualify the right of representation among collaterals, so that, in the case of succession by relatives farther removed from the intestate than those of the cases excepted, they can take only in their right as next of kin, per capita. * * * So, when one dies intestate, leaving uncles and aunts and the children of other deceased uncles and aunts, the former take to the exclusion of the latter." See cases from many states, there cited, which fully support the text.

The right of heirship is establilshed by the circumstances existent at the date of the intestate's death. In the case at bar, at the date of the intestate Green's death, he left, surviving, one uncle, two aunts, and several cousins, descendants of aunts who had died in the intestate's lifetime. Under this state of facts, the surviving aunts and uncles took to the exclusion of his cousins. The complainants were excluded by this law.

*The decree appealed from is affirmed.*