# Johnson *v.* Shepherd, *et al.*

### *Statutory Action of Ejectment.*

1. *Parent and child; when child of slaves legitimate and can inherit.* Where persons who were slaves cohabited as man and wife during slavery, and continued to so live together up to and after September 29, 1865, the legal relation of man and wife attached to such cohabitation, with all of its duties, obligations and rights; and a child, born to such persons after 1865, was a legitimate child, and capable of inheriting from both the father and mother.

2. *Same; when child of slaves illegitimate, and cannot inherit from either father or mother.*—Where slaves, during the time of slavery, cohabited as man and wife, and, before the time of emancipation, the woman dies, a child born to them during such cohabitation is illegitimate, and cannot inherit from the father.

3. *Same; no right of inheritance from illegitimate child.*—A legitimate child, who was born after 1865 to persons who had been slaves and had cohabited as man and wife during slavery, and had continued to so live together up to and after September 29, 1865, though a legitimate child, cannot inherit from the son of his father born during slavery, and whose mother, though having cohabited with his father as his wife, died prior to the year 1865.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. C. RICHARDSON.

This was a statutory action of ejectment brought by the appellant, Jeff Johnson, against the appellees to recover certain lands specifically described in the complaint.

The plaintiff based his right to recover the lands sued for upon the fact that he was the half-brother of Mose Johnson, who owned said lands and was in possession of them at the time of his death. The facts, as to the relationship of plaintiff and Mose Johnson, are sufficiently set forth in the opinion. The plaintiff offered to introduce in evidence the deeds by which Mose Johnson derived title to the property sued for; the defendants separately objected to the introduction of each of these deeds; the court sustained each of these several objections, and, to each of said rulings, the plaintiff separately excepted.

The court, at the request of defendants, gave the general affirmative charge in their favor, to the giving of which charge the plaintiff duly excepted. There were verdict and judgment in favor of the defendants, and the plaintiff appealed, and assigned as error the several rulings of the trial court, to which exceptions were made.

EDWIN C. PAGE, for appellant.—The father and mother continuing to live together as man and wife after the emancipation and up to the time of the death of the mother, their marriage was legalized by the Constitutional Convention of 1865 (Revised Code 1867, p. 64), and the plaintiff in the lower court, appellant here, was not an illegitimate child.—*Washington v. Washington*, 69 Ala. 286; *Jackson v. State*, 53 Ala. 472; *McConico v. State*, 49 Ala. 6.

No counsel marked as appearing for appellee.

ANDERSON, J.—The plaintiff, Jeff Johnson, bases his right to recover the land in question upon the theory that he is the brother and heir-at-law of Mose Johnson, deceased, who owned and was in possession of the land at the time of his death.

The undisputed evidence was that Jeff and Mose Johnson had the same father, but different mothers; that Mose was born before the war, and his parents were slaves, and his mother died before the war. The father then, during slavery, took up with the mother of Jeff Johnson and continued to live with her for years after the war, and until her death, about fifteen years ago; that Jeff Johnson, the plaintiff, was 33 years old.

The parents of Jeff Johnson, being slaves and having started a cohabitation before their freedom, such a cohabitation could not have legitimatized their offspring, upon the theory of a common law marriage, but, as they continued to live together as man and wife up to and after September 29, 1865, the legal relation of man and wife attached with all of its duties, obligations and rights; and, as a matter of course, Jeff Johnson was their legitimate child and capable of inheriting, both from the father and mother.—*Washington v. Washington*, 69 Ala. 281.

Mose Johnson, however, was born a slave and his mother died before the war, and he cannot in legal contemplation be considered the brother of Jeff, although they had the same father. Born of parents who were incapable of contracting a marriage, and the mother having died before the war, subsequent laws and events did not give Mose the right to inherit from the father. He was in the eye of the law a bastard.—*Malinda v. Gardner*, 24 Ala. 719; *Smith v. State*, 9 Ala. 996.

Suppose the father had owned property at the time of his death, can there be the slightest doubt that Jeff would have inherited it all, to the exclusion of Mose? Then it stands to reason that, if Mose could not inherit from the father, Jeff cannot inherit from Mose.

Here we have brothers in flesh and blood, but not in law. A sad condition, largely the result of the evolu-

[Southern Railway Company v. Jones.]

tionary system. From *savage* to *slave* and from slave to *citizen*, with no adequate provision of law for those unfortunates, born in slavery and whose parents did not survive emancipation. Sons of one father—one with all the rights of inheritance from the father, the other with none. A condition to be deplored, but not *sui generis*, and for the existence of which our lawmakers are not solely at fault.

Our Creator designed rights and blessings to some that were not to be enjoyed by others, even children of the same parent or parents: Cast out this bond-woman and her son "For in Isaac shall thy seed be called. And Hagar and her son Ishmael were sent away and wandered in the wilderness of Beersheba. * * * For the children being not yet born," it was said to her, "The elder shall serve the younger, Jacob have I loved, but Esau have I hated."

The deeds offered simply purported to establish title in Mose Johnson, and, since the plaintiff was not entitled to the land as his heir, there was no error in sustaining the objection to same. The trial court properly gave the affirmative charge for the defendant.

Affirmed.

MCCLELLAN, C. J., TYSON and SIMPSON, J. J., concurring.

To be reported.