176 So. 356

## MOSTILLA et al. v. ASH et al.

### 7 Div. 458.

Supreme Court of Alabama.

Oct. 14, 1937.

O. R. Hood, of Gadsden, and James A. Embry, of Ashville, for appellants.

C. R. Robinson, of Ashville, J. R. Robinson, of Gadsden, and W. L. Aouff, of Ashville, for appellees.

KNIGHT, Justice.

Ashley Byers, a negro, died intestate in St. Clair county, Ala., on or about September 9, 1934, possessed of an estate, which consisted wholly of personal property. He was an illegitimate son of a negro woman by the name of Charlsie Byers.

The decedent left no surviving children or their descendants, no father or mother, no brothers or sisters or their descendants, and no wife.

The administration of the estate of the decedent was by proper order removed from the probate court to the circuit court, in equity.

After the administration proceedings had been removed to the circuit court, and the estate was ripe for final settlement and distribution, three separate sets of persons asserted claim to the estate, each group contending that they were the next of kin of the intestate and entitled to the entire estate, to the exclusion of the other two groups. Proper and appropriate pleadings were "framed among the three separate sets of claimants" to present their respective claims, and the court, after considering the issues and the proof submitted, rendered a decree holding that all of said claimants were the next of kin of the intestate, and directed that the estate should be distributed one-sixth part to each of the following claimants, viz., Marion Mostilla, Grant Mostilla, Fate Mostilla, Butler Ash, and Alice Beason, and the remaining one-sixth he ordered equally divided among the nine remaining claimants, the children of a predeceased cousin of the said intestate.

Marion Mostilla, Grant Mostilla, and Fate Mostilla, dissatisfied with the decree of the court below, have prosecuted this appeal; and the said Butler Ash and Alice Beason have entered cross-assignment of errors upon the record.

It is the contention of the appellants, Mostillas, that they are uncles of the said Ashley Byers, deceased, and therefore, his next of kin, and entitled to his estate, in priority over the said Butler Ash and Alice Beason, who were first cousins of the deceased; and, of course, in priority over the other claimants, who were his second cousins.

The contention of Butler Ash and Alice Beason, cross-appellants, is that the said Mostillas are not entitled to inherit from the said Ashley Byers; that, inasmuch as the said Ashley Byers was a bastard, and they being his nearest of kin on the part of the mother of said Byers, being his first cousins, they were entitled to inherit his estate.

 The appellants, Marion Mostilla, Grant Mostilla, and Fate Mostilla, are the children of one Bill Mostilla by Charlsie Gibbs. It appears from the evidence that both Bill Mostilla and Charlsie Gibbs were slaves, and that prior to the Civil War they went through the form of a marriage ceremony; that they continued to live together as man and wife until the death of Bill, which occurred some years after 1869.

These appellants were born during the time that their father and mother were living together as man and wife. Therefore, the appellants by the force of ordinance No. 39, adopted by the Constitutional Convention of 1865, were legitimatized, and made capable of inheriting and transmitting property in all respects as if their father and mother had been capable of marriage in the first instance, and had married. Washington v. Washington, 69 Ala. 281; Carter v. Gaines, 204 Ala. 640, 87 So. 109; Johnson v. Shepherd, 143 Ala. 325, 327, 39 So. 223, 224, 5 Ann.Cas. 143; Bell v. Bell, 196 Ala. 465, 71 So. 465; Bell v. Bell, 183 Ala. 645, 651, 62 So. 833. These appellants, at the time of the death of the said Ashley Byers were the only surviving children of Bill and Charlsie Mostilla, all other children of that union having died, leaving no children or descendants.

It is here contended by appellants, the three Mostillas, that Bill Mostilla, their father, had, prior to his slave marriage and cohabitation with their mother, Charlsie Gibbs, entered into a slave marriage with a woman by the name of Celia, and that thereafter, and up to the time of the death of said Celia, which occurred prior to the Civil War and prior to the slave marriage of their father to their mother, they, the said Bill Mostilla and Celia, lived together as man and wife under such circumstances as would constitute a valid marriage at common law. That, under such circumstances, section 7377 of the Code "ratified that marriage and legitimatized it and the issue thereof as fully as if they had been white persons."

It appears from the evidence that said Celia gave birth to a number of children by Bill Mostilla during their cohabitation, but all died, without descendants, except three girls, Victoria, Texas, and Charlsie Byers. These girls grew to womanhood, and each gave birth to one or more illegitimate children. Butler Ash, one of the appellees, and a cross-appellant, is the only surviving child and heir at law of the said Texas; Alice Beason, another appellee, and cross-appellant, is the only surviving child of Victoria. Mary Beason, another child of Victoria, died prior to the death of said Ashley Byers, leaving her surviving a number of children, and these children, second cousins of Ashley Byers, are also claimants to the estate. Ashley Byers, the intestate, was the only surviving child of said Charlsie Byers, who was, as above stated, one of the surviving daughters of Celia, by Bill Mostilla.

A careful consideration of the evidence, pro and con, leads us to the conclusion that appellants' contention is sustained by the great preponderance of the testimony. While it is true that the evidence admits of a mere possibility that Bill and Celia only pursued the custom then prevailing among slaves of temporarily cohabiting for convenience, and for the purpose of gratifying their sexual desires, yet this mere possibility cannot be allowed to determine an issue against the preponderance of other credible testimony.

It must be remembered that Celia died long prior to the Civil War, some 70 or more years before the death of Ashley Byers, and it must also be recognized that it was well nigh impossible to find any person now living who could testify, of his, or her, own knowledge, to the cohabitation of Bill and Celia. In these circumstances, the appellants were forced to make proof of the facts by declarations of the parties in their lifetime, and by common repute in the family. The evidence of the cohabitation of Bill and Celia, as well as the birth and identity of the children of the union, was through traditional family history or reputation.

The evidence of a number of aged witnesses, as to the family history, tended to show, and we believe as satisfactorily so as could well be expected in view of the fact that the parties were slaves, and long since dead, that Bill and Celia lived together as man and wife up to the death of Celia, under such circumstances as would constitute a valid marriage at common law, and that Victoria, Texas, and Charlsie Byers, the mother of Ashley Byers, the intestate, were products of that cohabitation. That such evidence was competent and admissible has long been an established rule in this state, as well as elsewhere. Reichert v. Sheip, 212 Ala. 300, 102 So. 440; Landers v. Hayes, 196 Ala. 533, 72 So. 106; Duncan v. Watson, 198 Ala. 180, 182-185, 73 So. 448; Bradley v. State, 215 Ala. 140, 110 So. 162; and 1 Greenleaf Ev. (16th Ed.) § 114b.

We are, therefore, of the opinion, and hold, that by force of the provisions of section 7377 of the Code, the offspring of said Bill and Celia, namely, Victoria, Texas, and Charlsie and their descendants, were made capable of inheriting and transmitting prop-

erty. Although this section was given a retroactive operation and effect, and applies and governs cases hereto arising and to which it may be applicable, its constitutionality has not been questioned. Nor do we see any valid reason to doubt the competence of the Legislature to adopt the law, in view of the fact that it deals wholly with property, and its devolution in the state of Alabama, and is not in derogation of any contract rights of the parties. It was not intended to disturb vested property rights. Observations upon this statute may be found in Foster v. Lee, 172 Ala. 32, 55 So. 125, Ann.Cas.1913C, 1335; and in Williams v. Witherspoon, 171 Ala. 559, 55 So. 132.

■ The law in force at the time of descent cast determines the persons who shall take. Donovan v. Pitcher, 53 Ala. 411, 25 Am.Rep. 634. This statute was in effect at the time of the death of Ashley Byers, and we find no attack made against its constitutionality in brief of appellees, and cross-appellants. No doubt the enactment of this statute by the Legislature was to relieve, as far as possible, against a deplorable condition arising out of the system of slavery. No doubt, further, the statute was inspired by the opinion in the case of Johnson v. Shepherd, 143 Ala. 325, 327, 39 So. 223, 224, 5 Ann.Cas. 143. At all events, this statute, under the evidence, had the effect of legitimating the slave marriage, and cohabitation following the same, of Mostilla and Celia to the extent of making their children and descendants capable of inheriting and transmitting property.

The appellants, Mostillas, were the legitimate children of Bill Mostilla by his second wife, Charlsie Gibbs; Charlsie Byers was, as heretofore pointed out, a child of Bill Mostilla by Celia, a former slave wife of Bill Mostilla. Therefore, the appellants, Mostillas, are the half brothers of the said Charlsie Byers, the mother of Ashley Byers, deceased, and consequently the half uncles of said decedent. The cross-appellants, Butler Ash and Alice Beason, are the first cousins of the decedent, while the other claimants are his second cousins.

■ The estate possessed by the said Ashley Byers at the time of his death was not ancestral property, but, if it was otherwise, it would make no difference, as all of the claimants are not of the same degree of kinship to the decedent. Coleman v. Foster, 112 Ala. 506, 20 So. 509; Cox v. Clark, 93 Ala. 400, 9 So. 457.

■ Ashley Byers being a bastard, in determining his next of kin, the natural father and the descendants of his side must be eliminated.

Section 7372, which forms a part of our law of descent and distribution, provides: "The mother, or kindred of an illegitimate child on the part of the mother, are, in default of children of such illegitimate child, or their descendants, entitled to inherit his estate."

■ Ashley Byers left no surviving mother, no brothers or sisters or their descendants, and no wife, therefore, the appellants, Mostillas, his uncles of the half blood of his mother's side, are his next of kin, computing the degree of kindred by the civil law, which is the rule in Alabama. This rule is to begin with the intestate and ascend from him to a common ancestor, and descend from that ancestor to the claimant, reckoning a degree for each generation both in ascending and descending. Section 7368, Code; Johnston v. Pierson, 229 Ala. 85, 155 So. 695. By the rule so applied, the appellants, Marion Mostilla, Grant Mostilla, and Fate Mostilla, half uncles of the decedent, are in the third degree, the cross-appellants, Butler Ash and Alice Beason, first cousins, are in the fourth degree, and the other claimants, children of Mary Beason, second cousins, are in the fifth degree. Hence the appellants, Marion Mostilla, Grant Mostilla, and Fate Mostilla, being decedent's next of kin, inherit his entire estate, to the exclusion of the cousins of the decedent. Sections 7365, 7366, 7367 and 7368 of the Code; Grantham et al. v. Statham et al., 83 Miss. 176, 35 So. 423; 24 Am. & Eng. Ency. of Law, pp. 384, 385, and 386, and notes thereunder; Shaffer v. Nail, 2 Brev. (S.C.) 160; Porter v. Askew, 11 Gill & J. (Md.) 346; Elwood v. Lannon's Lessee, 27 Md. 200; Parker v. Nims, 2 N.H. 460; Schenck v. Vail, 24 N.J.Eq. 538.

■ We may say further by way of demonstrating the correctness of our conclusion that sections 7365, 7366, 7367, and 7368 of the Code constitute parts of our statutory system of controlling descent and distribution and must be read and construed as standing in pari materia. These statutes, read and construed together, restrict the right of representation among collaterals, by the use of express words to that effect, to descendants of the brothers and sisters of the intestate. There is no representation as to collaterals, beyond the descendants of brothers and sisters. Cox v. Clark, supra,

and Purcell v. Sewell et al., 223 Ala. 73, 134 So. 476.

It therefore follows that the descendants of Victoria and Texas Byers, deceased sisters of the intestate's mother, cannot share in the distribution of the estate by way of representation of their deceased parents; and the cross-appellants, Butler Ash and. Alice Beason, being one degree, and the other appellees two degrees farther removed in blood relationship to the intestate than the appellants, Mostillas, who are half uncles of the intestate, they are excluded, by force of the statute, from participation in the distribution of the estate, as above stated.

Had the statute permitted representation among collaterals generally, without confining it to the descendants of brothers and sisters, a different result would have been reached.

It follows that the decree appealed from must be reversed on the main appeal, and one will be here entered adjudging and decreeing that the said Marion Mostilla, Grant Mostilla, and Fate Mostilla are the next of kin of the said decedent, Ashley Byers, and as such take the entire estate of said decedent, after the payment of the debts of the estate and the costs of administration, to the exclusion of all other claimants.

There is no merit in the cross-assignment of error by the said Butler Ash and Alice Beason, and the same is overruled.

Let the appellees in the main appeal pay all the cost of the appeal, both in this court and in the court below.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.