TOOMEY *et al. v.* TURNER.

(Division A. Feb. 6, 1939. Suggestion of Error Overruled March 20, 1939.)

[186 So. 301. No. 33551.]

**C. J. Jones** and **J. B. Saxon,** both of Waynesboro, for appellants.

**W. M. Hutto,** of Waynesboro, for appellee.

**Griffith, J.,** delivered the opinion of the court.

J. P. Toomey, a landowner, died intestate in Wayne County, in 1935. He left surviving him (a) no wife; (b) no child or children; (c) no descendants of a child or children; (d) no brothers or sisters; (e) no descendants of brothers or sisters; (f) no father or mother, and (g) no uncles or aunts. The father of the intestate was Thomas Toomey. Appellee is the daughter of a half-sister of said Thomas. Appellants are the grandchildren of brothers of the whole blood of said Thomas. Thus, according to common parlance, appellee is the first cousin of the half blood of the intestate while appellants are

the second cousins of the whole blood, and these were, at the time of the death of the intestate, the nearest surviving kindred.

The argument of appellants is that inasmuch as appellants are the descendants of the first cousins of the whole blood, they take to the exclusion of appellee, who is a first cousin of the half blood. But all the parties hereto are collateral kindred to the intestate, and it is expressly provided by Section 1402, Code 1930, that "there shall not be any representation among collaterals, except among the descendants of the brothers and sisters of the intestate." The statement of the facts has already mentioned that there were no brothers or sisters and no descendants of brothers or sisters. See Grantham v. Statham, 83 Miss. 176, 35 So. 423.

If it be the argument of appellants that second cousins of the whole blood are, in point of actual blood kinship, as closely related as is a first cousin of the half blood, and are, therefore, to be preferred under Section 1403, Code 1930, which provides that "kindred of the whole-blood, in equal degree, shall be preferred to the kindred of the half-blood in the same degree," the argument is still ineffectual. In the only case directly in point, which we have found, Ector v. Grant, 112 Ga. 557, 37 S. E. 984, 53 L. R. A. 723, it was held that a first cousin of the half blood will take in preference of a second cousin of the whole blood; and this is true whether computed according to the canon law, as was done in the Ector Case, or according to the rule of the civil law which, under Section 1403, Code 1930, is used in this State.

The rule of the civil law is to begin with the intestate, and ascend from him to a common ancestor, which in this case would be the grandfather of the intestate, and descend from that ancestor to the respective claimants, reckoning a degree for each generation as well in the ascending as in the descending line. 18 C. J., p. 823.

Thus computing, it is at once seen that in point of law a first cousin, although of the half blood, is nearer in degree of kindred than a second cousin of the whole blood.

Affirmed.