58 So.2d 606

## OWEN v. STATE.

### 8 Div. 602.

Supreme Court of Alabama.

April 17, 1952.

Rehearing Denied May 15, 1952.

Russell W. Lynne, Decatur, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

FOSTER, Justice.

This case was here on former appeal. Owen v. State, 255 Ala. 354, 51 So.2d 541. From another conviction defendant again appeals. The only claim of error in the record argued by his counsel relates to the sufficiency of the evidence legally tested by a motion for a new trial.

We have carefully considered the evidence, and think the verdict is fully supported by it. No good would be served by rehearsing it here. We have also considered the entire record and find no error.

The trial was carefully conducted and appellant's rights fully maintained.

But there is a matter in connection with the former appeal which we think needs an explanation. The opinion states that Russell Coffey was challenged for cause by the State because related to the defendant within the fifth degree, being a second cousin by affinity. On rehearing the challenge was held to have been erroneously sustained on the ground that a second cousin is not related by affinity within the fifth degree. This was in reliance upon a chart of relationship according to the civil law.

 According to the terminology of that chart, a second cousin is within the sixth degree of relationship by affinity. It will be observed that in so classifying a second cousin the relationship is determined by proceeding up to the great-grand parent and down through the great-uncle and from him to what is called a first cousin once removed and then to the second cousin. Of course, if what is meant by the second cousin is so ascertained, he is within the sixth and not the fifth degree of relationship. But if we understand a second cousin to be the child of a first cousin, the relationship would be within the fifth degree by affinity. The chart in question shows that the child of a first cousin is a first cousin once removed, and his child is a first cousin twice removed, and his child is a first cousin three times removed, and his child is a first cousin four times removed. It shows no second cousin in that line of descent. Whereas, when we refer to the case of Mostilla v. Ash, 234 Ala. 626, 176 So. 356, Judge Knight, writing for the Court, was dealing with the question of the relationship of second cousins, children of a first cousin. He stated the general principle correctly of course that the method is to begin with the person in question and ascend from him to a common ancestor, and descend from that ancestor to the other person in question reckoning a degree for each generation ascending and descending. And then he observed that certain named persons, who were children of a first cousin, were second cousins and, therefore, were in the fifth degree and their hereditary rights were determined on that basis. This degree of relationship was so asserted in De-Moville v. Merchants and Farmers Bank, 237 Ala. 347, 351, 186 So. 704, and in Cambron v. State, 227 Ala. 575, 151 So. 443. So that the question of whether a second cousin is in the fifth or sixth degree depends upon the exact status of his ancestry. If he is a child of a first cousin, he is of course within the fifth degree. A first cousin is within the fourth degree, as shown by the chart and as commonly understood. So that in determining the status of a second cousin, we must determine whether or not it is meant by so designating him that he is a child of a first cousin or whether he is the child of a first cousin once removed, descending from a great-uncle. The use of the term generally has application to one who is a child of a first cousin (within the fifth degree) and, therefore, care should be taken to distinguish the two lines of cases whenever the question arises. This observation is made in order to prevent confusion by reason of the two different statements, one saying that a second cousin is within the fifth degree and the other saying that he is within the sixth degree.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.